[Civ. No. 137. First Appellate District.—February 28, 1907.]

## CARL SPENCER, Respondent, v. SAN FRANCISCO BRICK COMPANY, Appellant.

NEGLIGENCE—PUNITIVE DAMAGES.—Simple negligence, unaccompanied with oppression, fraud or malice, cannot justify an award of punitive damages for the resulting injury.

ID.—NEGLIGENT CONSTRUCTION OF BULKHEAD—BREAKAGE IN WET WEATHER—SLIGHT INJURY—EXCESSIVE DAMAGES—NEW TRIAL.—In an action for damages arising from the negligent construction of a bulkhead by defendant on his premises, which, after standing for two years, gave way in wet weather and damaged slightly the rear end of plaintiff's premises, where there is no evidence that the injury was willfully or wantonly done, or of gross negligence in the construction or use of the bulkhead, or of any oppression, fraud or malice, a verdict for punitive damages is excessive, and a new trial should be granted therefor.

ID.—NEGLECT TO REPAIR DAMAGES AFTER REQUEST—OPPRESSION NOT SHOWN.—The mere neglect of the defendant, after request, to repair the damage, which was unintentionally, though negligently, done, cannot be said to show oppression by subjection of the plaintiff to cruel and unjust hardships. The plaintiff had an immediate legal remedy for his damages, which only interfered with the use of a small part of his lot, to a trifling extent.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

Fisher Ames, for Appellant.

Robert P. Troy, and Andrew Thorne, for Respondent.

HALL, J.—Plaintiff sued defendant for damages caused to his premises by the giving way of a bulkhead upon the premises of defendant, and recovered a judgment for the sum of $600. Defendant moved for a new trial upon the grounds of excessive damages and errors of law occurring at the trial. The motion was denied, and defendant appealed from the judgment and order denying the motion for a new trial.

The action was for damages to the premises of plaintiff resulting from the giving way of a bulkhead on the premises of defendant, whereby dirt, gravel, sand, etc., fell against the fence and chicken-house of plaintiff, and injured the same, and gravel, dirt, etc., fell upon the plaintiff's premises, and timbers of the bulkhead were projected onto and over plaintiff's premises.

Plaintiff is the owner of a lot in the city and county of San Francisco twenty-five feet in width, the rear of which abuts against a lot owned by defendant, and used by it for the purpose of dumping dirt. To retain this dirt, defendant, some two years previous to the accident causing the injury complained of, built a bulkhead which, on January 15, 1901, following a spell of rainy weather, gave way. Plaintiff's lot was occupied by a dwelling-house, and the rear portion of the lot was inclosed with a board fence, and in the corner was a chicken-house nine feet square and eight feet high, built of boards, and two sides of which were formed by the rear and side fences of plaintiff. The giving way of the bulkhead, and the consequent falling of the heaped-up earth, pushed the fence and chicken-house out of position, broke some of the boards from the fence, as well as caused some of the beams and timbers of the bulkhead to project into and over the rear portion of plaintiff's lot. Plaintiff testified that the fencing affected was worth $125, and the chicken-house $30, while a carpenter called by the defendant testified that the fencing and chicken-house could have been restored to their original condition at a cost of $25. There is no evidence that the dwelling-house was in any way injured. Indeed, a photograph of that portion of the premises claimed to have been injured, attached to the transcript, shows that the injury was confined to the rear portion of the lot, which was used for a chicken-yard. It is perfectly apparent from the evidence in the record that the actual damage could not have exceeded $155, even if the chicken-house and fences had been destroyed, which they were not, but only pushed out of position and considerably damaged.

It is only upon the theory that the case was one where punitive damages may be given that the verdict and judgment can be sustained.

"In an action for the breach of an obligation not arising from contract, where the defendant has been guilty of op-

pression, fraud, malice, express or implied, the plaintiff, in addition to the actual damages, may recover damages for the sake of example, and by way of punishing the defendant." (Civ. Code, sec. 3294.)

Simple negligence will not justify an award of punitive damages. (*Moody* v. *McDonald,* 4 Cal. 297; *Sloan* v. *Southern Cal. Ry. Co.,* 111 Cal. 687, [44 Pac. 320].)

There is no evidence in this case that the injury was willfully or wantonly done, or that defendant was guilty of gross negligence in the construction of the bulkhead, or in the use of its lot, and there is no pretense of any fraud in the case. It was simply shown that after standing for two years the bulkhead gave way, following a spell of wet weather. From this it may be presumed that it was negligently constructed, or that too much earth was negligently heaped against it.

In the case of *Chicago Ry. Co.* v. *Scurr,* 59 Miss. 456, [42 Am. Rep. 373], cited with approval in *Mabb* v. *Stewart,* 133 Cal. 556, [65 Pac. 1085], it is said: "We are prepared to go a step further, and say that in any and all actions for damages, where the proof fails to show anything that will warrant an implication of willfulness, recklessness, or rudeness, it is the duty of the court to inform the jury, where requested so to do, that they cannot inflict punitive damages. Not to do so in a case free from doubt would be an abdication of judicial authority, and a permission to the jury to violate the settled principles of law."

In the case at bar there was no evidence of recklessness, willfulness or rudeness in the original trespass, but it is claimed on the part of the plaintiff that there is evidence of oppression in this: that after the accident had happened plaintiff requested defendant to repair the damage, and it neglected to do so. It is in evidence that immediately after the accident plaintiff notified a bookkeeper of defendant to fix up plaintiff's property, and again in May following the accident he made the same request of the secretary of the defendant, which he repeated to the president of the defendant in the following July, but nothing was done by the defendant until after the action was brought, although defendant promised to do so. Oppression is defined by the Standard Dictionary as "the act of subjecting to cruel and unjust hardships." The mere omission to repair a damage unintentionally though negligently done cannot be said to be sub-

jection to cruel and unjust hardship. Plaintiff had an immediate legal remedy for his damage in an action therefor. So far as the projecting timbers, etc., constituted a nuisance on his property he could have abated the same by his own act. They did not interfere with the use of the dwelling-house, but only interfered with the use of the rear portion of the lot to a trifling extent.

Substantially this case presents the aspect of a defendant neglecting to make reparation to a plaintiff for damage which he has negligently but unintentionally caused the plaintiff, and for which plaintiff had a legal remedy. If upon such a showing exemplary damages may be awarded, it is difficult to see why such damages may not be awarded in all cases of injuries resulting from negligence when the party in fault refuses to make good the damages on demand. The evidence does not disclose a case of fraud, malice or oppression. For this reason the damages allowed are excessive and a new trial should have been granted.

There being no evidence to justify an award of punitive damages, the court also erred in refusing the instruction requested by defendant, ''That this is not a case for punitive or exemplary damages, and that the plaintiff can in no event recover more than such damages as were actually suffered by him.'' (*Mabb* v. *Stewart*, 133 Cal. 556, [65 Pac. 1085].)

Judgment and order are reversed.

Cooper, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 29, 1907.