[Civ. No. 250.  Fourth Appellate District.—December 2, 1930.]

JOSE PARRA, a Minor, etc., Respondent, v. A. W. CLEAVER, Appellant.

.William L. Waters and Raymond Thompson for Appellant.

D. G. Wettlin and Head, Rutan & Scovel for Respondent.

MARKS, J.—This action grew out of an automobile accident occurring on the eighteenth day of September, 1926, in the town of Buena Park in Orange County. Jose Parra was then an infant of the age of sixteen months. Appellant was the proprietor of the Sanitary Laundry. At the time of the accident L. A. Baumstark was operating a laundry truck as the agent and servant of appellant and was acting within the scope of his employment. On the evening of September 18, 1926, at some time between 6:15 and 7 o'clock P. M., Baumstark drove into the yard of a house occupied by the family of Manuel Parra, the father of the infant, and delivered some wet wash to the Parra home, leaving the truck standing in the yard about fifty feet from the house. Returning to the truck he saw several children, all under the age of eight years, playing around or near the vehicle. Approaching its left side and throwing the empty laundry bag over the seat into the car he walked around the rear end to see that no children were in his way before backing preparatory to driving from the premises. Coming around to the right-hand side opposite the cab and stepping up on the running-board he told the children to get away from the truck as he was going to

back it. He testified that after he mounted the running-board he "stood there and looked around a few minutes to see if everything was clear". He then took his seat behind the steering-wheel, started his engine, cramped his front wheels to the left and backed the truck. After proceeding about three feet he felt the left front wheel jar as though it had run over some object. As he moved further to the rear he noticed the body of Jose Parra lying on the ground in front of his truck. He stopped his vehicle, picked the baby up and seeing that it was badly hurt, called its mother and then took it to a hospital, where the wounds were dressed and it was given treatment. The child was confined to this hospital for about three weeks when it was moved to the County·Hospital, where it remained for several months before being discharged. Baumstark was the only witness testifying to the manner in which the accident happened and there is no conflict in the evidence upon this point. However, he did testify that it was dark and the lights of the truck were burning at the time of the accident. This was denied by two witnesses for respondent, who testified that the accident happened about ten minutes after the sun had set and while it was still daylight and that the lights on the laundry truck were not illuminated.

The case was tried before a jury, which returned a verdict in favor of respondent in the sum of $1950.

Appellant urges four grounds for a reversal of the judgment: First, that the trial court erred in denying his motion for nonsuit; second, that the evidence was insufficient to sustain the judgment; third, that the trial court erred in refusing to give an instruction proposed by him, and fourth, that the trial court erred in denying his motion for a new trial.

The denial of a motion for a nonsuit is not prejudicial error where facts sufficient to support the judgment are in evidence either before or after the denial of the motion. (*Crosby* v. *Cline,* 186 Cal. 698 [200 Pac. 801].) Whether or not denial of this motion was prejudicial error must depend upon our conclusions as to whether there was sufficient evidence to sustain the judgment. Appellant's last specification of error depends upon a decision of his second and third specifications, which are the only ones requiring our consideration.

In support of his contention that the evidence was not sufficient to sustain the judgment, appellant argues, first, that it shows respondent guilty of contributory negligence as a matter of law, and second, that it shows no negligence on the part of the driver of the laundry truck.

In the case of *Todd* v. *Orcutt,* 42 Cal. App. 687 [183 Pac. 963], it was said: "An infant may be so very young that, like an idiot or lunatic, no negligence may be legally imputed to him." As Jose Parra was only sixteen months of age at the time of his injury and as there was no evidence indicating that he had sufficient mind or understanding to enable him to be guilty of contributory negligence, and as the record is barren of any evidence pointing to contributory negligence on his part, we cannot charge him with it.

In considering whether or not there was any evidence showing negligence on the part of Baumstark, we must bear in mind that a greater degree of care is required of the driver of a vehicle where he knows there are small children at play than in the case where only people of mature discretion are involved. As was said in the case of *Lampton* v. *Davis Standard Bread Co.,* 48 Cal. App. 116 [191 Pac. 710, 711]: "The proximity of the place where Graham was driving to the adjacent school grounds, and the hour, at which children might, with certainty, be expected to be using the street, imposed upon him a greater degree of caution than he might be required to use under ordinary circumstances. That which would be but ordinary negligence in reference to a grown person may be gross negligence as respects a child."

While the evidence as to the manner in which the injury to Jose Parra occurred is undisputed, still if a reasonable inference pointing to the negligence of Baumstark may be drawn from it, such inference will be sufficient to sustain the judgment. It was held in the case of *Wilbur* v. *Wilbur,* 197 Cal. 1 [239 Pac. 332, 334], that: "The findings of the trial court upon conflicting evidence are conclusive, and all reasonable inferences are to be indulged in support of the findings (*Treadwell* v. *Nickel,* 194 Cal. 243, 261 [228 Pac. 25]). The burden is upon appellant who claims error to show its existence (Hayne on New Trial and Appeal, Rev. ed., sec. 285, p. 1574, and

cases cited). Where two or more inferences may reasonably be deduced from a certain state of facts or circumstances, a reviewing court is not permitted to substitute its deductions for those of the trial court."

It was further said in the case of *Mah See* v. *North American Acci Ins. Co.*, 190 Cal. 421 [46 A. L. R. 123, 213 Pac. 42, 44], that: "This court has frequently held that even though all the facts are admitted or uncontradicted, nevertheless, if it appears that either one of two inferences may fairly and reasonably be deduced from those facts, there still remains in the case a question of fact to be determined by the jury (or by the trial judge when the case is tried without a jury), and that the verdict of the jury or the finding of the trial judge thereon cannot be set aside by this court on the ground that it is not sustained by the evidence (*Anderson* v. *Los Angeles Transfer Co.*, 170 Cal. 66 [148 Pac. 212]). In so far as the evidence is subject to opposing inferences, it must upon a review thereof be regarded in the light most favorable to the support of the judgment. (*Woodard* v. *Glenwood Lumber Co.*, 171 Cal. 513, 519, 520 [153 Pac. 951]; *Hassell* v. *Bunge,* 167 Cal. 365, 367 [139 Pac. 800].) 'In reviewing a question of this kind, all the inferences reasonably possible from the evidence favorable to the plaintiff (the prevailing party) must be indulged by this court.' (*Bandle* v. *Commercial Bank of Los Angeles,* 178 Cal. 546, 547 [174 Pac. 44, 45].)"

The undisputed evidence of Baumstark shows that he knew that children were playing around his truck prior to the time that he started it. He walked around the rear of the truck to see that no children were there, then went to its right side where he stepped up on the running-board and stood "for a few minutes to see if everything was clear". The laundry wagon was equipped with a high body built out of wood with a cab over the driver's seat. Just how long Baumstark stood on the running-board is not clear. A few minutes certainly would mean more than one minute. His view of the left-hand side of the truck was obscured by the body and cab during this period. It is entirely possible that Jose Parra approached the left-hand side of the truck during this time and was not seen by Baumstark. The fact that the child was not seen by him

when he threw the laundry bag into the truck and walked around the rear of it would permit the reasonable inference that the baby approached the left side of the truck during this time and was in a position of danger when the truck started upon its backward course. Whether due care required Baumstark to have looked further for children in places of danger before backing his truck was a question of fact for the jury to determine. The jury by its verdict concluded that Baumstark was guilty of negligence in the operation of the truck and therefore resolved this question against appellant. There being a reasonable inference to be drawn from the evidence pointing toward negligence upon the part of the driver of the truck, we cannot disturb the verdict of the jury by holding that it was not supported by the evidence.

Appellant complains that the trial court refused to give an instruction upon punitive damages which had been requested by him. This instruction was as follows: ''You are instructed that the plaintiff does not ask for, neither are you permitted to award, what is termed punitive damages in this case, or to add anything to your verdict by way of punishment of the defendants. Such damages as you may award must be reasonable, and be proven by the plaintiff by the fair preponderance of the evidence. You can only award damages to plaintiff for permanent injury or disability to the extent that you believe from the preponderance of the evidence as a whole, that the child has been permanently injured as a result of the accident complained of.'' In support of his argument that it was prejudicial error to fail to give this instruction he cites the cases, *Mabb* v. *Stewart*, 133 Cal. 556 [65 Pac. 1085], and *Spencer* v. *San Francisco Brick Co.*, 5 Cal. App. 126 [89 Pac. 851], which hold that in a proper case it is reversible error for the court to refuse an instruction on punitive damages.

''A judgment will not be reversed because of the giving or refusing of instructions which do not harm the appellant. To justify a reversal, under the Constitution it must appear, from a consideration of all the evidence, that any error in this respect resulted in a miscarriage of justice. It is not necessary to invoke the remedial provision of the Constitution to show that errors in instructions are harmless where the verdict would be the same with correct

instructions." (2 Cal. Jur. 1026.) Without holding that the requested instruction should have been given, but assuming that the court should have done so, we must determine whether or not appellant suffered any prejudice by the refusal of the court to give it.

An examination of the evidence shows that Jose Parra was very seriously injured. His attending physician described his wounds as follows: "The child was immediately taken to the operating room for examination and I found a cut beginning on the right side of the head at the outer corner of the eye, piercing the skin of the upper eye-lid over to the nose and across the nose into the left eyebrow and right upward and backward over the crown of the head and ending about two and a half to three inches above and just posterior to the right ear. Another cut extended from the bridge of the nose below the right eye going just below the eyelid and ending about one-half inch below the end of the other cut. The flap of the scalp was turned back on a straight line from the end of the cut to the rear to the outer corner of the right eye, the skin and soft tissues and muscles being pulled back. Also the periostium being torn off and slipped loose from the parietal bone of the skull." This physician further testified that it took between thirty and fifty stitches to suture the wounds. The child was under the care of this physician for three weeks when he was taken to the County Hospital, where he remained for over five months under treatment. The lid of the right eye had been so badly torn that it became everted and at the time of the trial, about a year after the accident, it could not be closed. It was the opinion of experts that this condition could only be cured by one or more operations. There was some evidence tending to show that the sight of the right eye was seriously impaired. However, the weight of this evidence was to a certain extent negatived by a showing that this condition might have been caused from a chronic disease of the blood from which the child was suffering.

Considering the seriousness of the injuries, we believe that the verdict of the jury awarding damages in the sum of $1950 was not excessive. Certainly, it carried no punitive damages as the amount awarded could only be considered as moderately compensatory for the injuries suffered.

We therefore conclude that the appellant suffered no injury or damage by the failure of the trial court to give his proposed instruction upon the question of punitive damages. This being the case, we are precluded by the provisions of section 4½ of article VI of the Constitution from disturbing the verdict.

Judgment affirmed.

Cary, P. J., and Barnard, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 22, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 29, 1931.