[Civ. No. 8076. Second Appellate District, Division Two.—February 5, 1932.]

ROY TONG, Respondent, v. SUN REALTY COMPANY (a Corporation), Appellant.

George L. Greer for Appellant.

Lasher B. Gallagher for Respondent.

CRAIG, J.—The respondent, an employee of an independent contractor, was injured while working in an elevator shaft of a building owned by the appellant corporation. An action for damages was instituted against said owner and its employees, the latter of whom were alleged to have been negligent in the performance of their duties. Upon a trial before a jury, a verdict was returned in favor of the plaintiff, and against all defendants. The employer alone appealed from the resultant judgment. The respondent has moved to dismiss the appeal.

The ground of said motion is that if the master be held liable in such a case, liability arises solely by virtue of the doctrine of *respondeat superior;* that the judgment against the servant became conclusive as to the master, upon a failure of the former to appeal, and hence that the latter may not appeal, since a reversal as to the master, if required by the record, would still remain final as to the servants for whose acts or omissions the employer is bound to respond in damages.

The argument on behalf of the respondent presupposes the existence of irrefutable facts which may have been submitted to the jury, and which, for aught that may be disclosed upon the motion to dismiss the appeal, are unsupported by sufficient evidence to warrant an affirmance of the judgment. No authority is cited which supports these

contentions. ▮ Any party aggrieved may appeal. (Code Civ. Proc., sec. 938.) We are not authorized to here consider the merits of the appeal. (*Estate of Williams,* 4 Cal. Unrep. 511 [36 Pac. 6]; *Nevills* v. *Shortridge,* 129 Cal. 575 [62 Pac. 120].) ▮ It might be added that different issues are involved in an action of this character against the master than are presented against the servants. For instance, unless the relation of master and servant exists between the parties defendant the negligent acts or omissions of the alleged servants would not be imputed to the appellant. (*Rosenbloom* v. *Southern Pac. Co.,* 59 Cal. App. 102 [210 Pac. 53].) ▮ We cannot say as a matter of law that the appellant was not aggrieved by the verdict and judgment.

The motion to dismiss the appeal is denied.

Works, P. J., and Thompson (Ira F.), J., concurred.