[Civ. No. 10355. Second Appellate District, Division One.—May 6, 1936.]

JOSEPH GORZEMAN, a Minor, etc., et al., Respondents, v. H. D. ARTZ, Appellant.

Lasher B. Gallagher for Appellant.

Swaffield & Swaffield and Joseph E. Madden for Respondents.

ROTH, J., *pro tem.*—Joseph Gorzeman, an infant three years old, while playing, on May 22, 1933, in the driveway which circled his home, was backed into and hit, or run over, by the right rear wheel of a bakery wagon operated by defendant Poling, who was at the time an employee of defendant Artz. The bakery wagon in question was an automobile which was made up of a box mounted upon an automobile chassis. The box was of such size that the operator of the bakery wagon, when sitting in the driver's position, could not see to the immediate or direct rear thereof. The evidence shows without contradiction that Poling had been calling at the infant's home some two months prior to the accident, on an average of six times a week; that there was another child in addition to Joseph; and that frequently Poling would give cookies to the children. When donating such cookies or selling other supplies, Poling had to go to the rear of the wagon and open the doors of the box-like structure. There is no evidence indicating how the accident happened except the admissions of Poling, made first to the infant's mother immediately after the accident (who, in response to the screaming of the child, rushed outside to pick him up), and within five minutes thereafter to the infant's father, upon both of which occasions Poling said, according to their testimony, "I backed over the boy," and made other admissions from which it is not difficult to infer negligence on his part. Poling did not testify in person or by deposition. As a consequence of the accident this action was instituted by the infant through his father, John Gorzeman, as guardian *ad litem,* and by the father as a plaintiff in his own right. Both plaintiffs recovered against both defendants. Defendant Artz alone appeals.

Artz contends that there is no evidence of negligence upon which the judgment against either defendant could be sustained, and further, that the judgment cannot be sustained against him because if there is evidence of negligence it con-

sists wholly of the admissions of Poling, which are only admissible as against Poling.

■ On the question of Poling's negligence, we are satisfied that the case of *Cambou* v. *Marty*, 98 Cal. App. 598 [277 Pac. 365], is decisive. In that case the court, speaking with reference to similar facts, said in part: "Any reasonable man can be charged with knowledge that a child is apt to be found at any place about the family yard. Charged with that knowledge it becomes his duty to use vigilance and care before setting in motion a dangerous instrumentality in that locality. Failing in the duty he is negligent. We cannot concede that it is a harsh burden to place upon a visitor at a family home. Where a life may be jeopardized by a failure to make certain a clear path it surely is not unreasonable, as a matter of law, to insist that ordinary care demands some precaution before starting an automobile." (See, also, *Lampton* v. *Davis Standard Bread Co.*, 48 Cal. App. 116, 118 [191 Pac. 710].)

■ It is a well-settled general rule that when "a master defends an action against his servant, or has an opportunity to assume the defense, and is under an obligation to do so, because the acts complained of were done under his orders, he is bound by the judgment". (34 Corpus Juris, 1024; *Shamlian* v. *Wells*, 197 Cal. 716 [242 Pac. 483] ; *Fedden* v. *Brooklyn Eastern District Terminal*, 204 App. Div. 741 [199 N. Y. Supp. 9].) In this case the statements of Poling were admissible against him to show his negligence, although such statements were not binding upon the employer. It is uncontradicted, however, that Poling was employed by and on the employer's business at the time of the accident. If Poling, under such circumstances, is found negligent, then upon the doctrine of *respondeat superior* his employer, Artz, is responsible for such negligence. This does not mean that the employer has no right to question the judgment merely because the employee does not, or that in the absence of any appeal by the employee an employer has no right to take an appeal (*Roy Tong* v. *Sun Realty Co.*, 120 Cal. App. 477 [7 Pac. (2d) 1101]) ; or that in an action brought against the employer alone, admissions made by the employee can be used as against the employer (*Elcox* v. *Hill*, 98 U. S. 218 [25 L. Ed. 103]) ; or that the employee can default in an action in which he is made a party, thus binding his employer

to a judgment which the employer has had no opportunity to defend, but in our opinion it does mean that when both employee and employer are made parties to the action, and the employer does have an opportunity and actually does defend, and a case of negligence is made out against the employee, by evidence competent against such employee, that the employer is bound by the judgment irrespective of whether the evidence which proved the negligence of the employee was admissible against him, or not, unless for some prejudicial error the judgment against employee is reversed or modified.

Judgment is affirmed.

Houser, P. J., and Doran, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 26, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 2, 1936.