[Civ. No. 12699.   First Dist., Div. Two.   Dec. 28, 1944.]

ROBERT C. LOTTA, Appellant, v. CITY OF OAKLAND et al., Respondents.

Clarence DeLancey for Appellant.

F. Bert Fernhoff, City Attorney, Hagar, Crosby & Crosby and Weinmann, Quayle & Berry for Respondents.

NOURSE, P. J.—This is an appeal from a judgment on a jury verdict for defendants in an action for damages brought by the plaintiff who was the father of a five-year-old boy who was killed by a truck driven by defendant Millar while in the service of the other defendants. The appeal is brought up on a bill of exceptions.

On March 3, 1942, plaintiff, who was employed in moving trees for the spring garden show in a public park owned by the city of Oakland, brought his son to the park at about 4:30 p. m. The day was clear and sunny. The boy spoke to the men who were moving the tree and then his father took him to a spot about 30 feet away and told him to play in the sunshine. The tree was a large one, and a hole about six feet deep had been dug around the roots. The plaintiff got in the hole in order to work with the other men in boxing the tree. He could not see over the rim of the hole. After a few minutes the boy came to the rim of the hole. His father told him to stay away and took him out on the lawn again. There were two trucks parked on the lawn near the hole; one a winch truck and one a stake truck. When last seen by any of the witnesses the boy was playing on the lawn

about 10 feet in front of the stake truck with some tennis balls which Millar gave him to play with. The foreman directed Millar to take the stake truck to the tool yard to get some planks which were needed in order to move the tree. He got into the truck from the left and drove it across the lawn, turning to the left to go to the tool yard. The boy was run over by the right rear wheel of the truck. No one had seen him for five minutes prior to the accident. No one witnessed the accident. The driver was unaware of the accident until he was informed of it on his return from the tool yard.

Appellant contends that the driver was negligent as a matter of law. He further contends that appellant could not, as a matter of law, be charged with contributory negligence and that, if he was negligent, his negligence was not a proximate cause of the accident. His final contention is that the giving of the instruction on unavoidable accident was error.

Negligence as a matter of law, and negligence *per se*, are terms of general use, but not easily defined. █ Where the standard of conduct of a reasonable man is expressly defined by legislative enactment or judicial decision the failure to conform with that standard is called negligence *per se*. █ But, when the standard of obligatory conduct is not fixed by a legislative enactment, it is that of a reasonable man under the circumstances. (Rest. Torts, § 285.) █ Where the standard is not fixed by judicial decision covering the same situations or circumstances the jury must determine the issue of negligence on the basis of the standard of reasonable conduct, or the degree of care which a reasonable person under similar circumstances would exercise to protect another from harm. (*Donnelly* v. *Southern Pacific Co.*, 18 Cal.2d 863, 869 [118 P.2d 465].)

In support of his contention that this court should hold that respondents were guilty of negligence *per se* the appellant cites *Cambou* v. *Marty*, 98 Cal.App. 598 [277 P. 365]; *Parra* v. *Cleaver*, 110 Cal.App. 168 [294 P. 6], and similar cases holding that the nature of the place, the surrounding circumstances, and the knowledge of the presence of the person injured, all contribute to impose upon the actor a greater degree of caution and that under those circumstances the jury properly found negligence. But no one of these authorities has fixed a standard of care the failure to conform with

which would be negligence *per se*. In each case all the surrounding circumstances are reviewed and the effect of the rulings is that under those particular circumstances the actor was guilty of simple negligence. There is a marked difference between such a holding and one that the evidence of one party alone established a case of negligence as a matter of law.

Applying these principles to the case at hand we find in the testimony of Millar the following explanation of his conduct preceding the accident: "After someone asked me to get these planks, I started around the hole and went around the front of the winch truck. It was daylight at this time. It was all clear and there was nothing to obstruct my view between where I was and the truck that I subsequently got on. I looked. When I looked, I couldn't see anyone near the truck. As far as I could see it was all clear. I could see the other side of the truck because the truck was open. I couldn't see all the other side but I could see the part that wasn't obscured by the cab of the truck or the lowered portion of the truck. The body was raised so I could see through. I could see also underneath the truck. It was clear. That was clear before I got into the left hand side of the truck. As far as I know it was clear before I started out because it took me a minute or so to lower the body of the truck. I had not seen the youngster for some five minutes prior to the accident."

This witness was the only one who knew what occurred. No other witness saw the boy under or near the truck immediately before the accident. The case is one where, upon the evidence recited, no standard of conduct was prescribed either by statute or by judicial decision. The issue of negligence was therefore properly left to the jury.

On the issue of contributory negligence the question was also one of fact. The appellant emphasizes that he had knowledge of many of the surrounding circumstances which he has cited as proof that respondent Millar was guilty of negligence *per se*. He contends that notwithstanding such knowledge he was free from negligence. Here again there is no fixed standard of conduct for the father of a child under those circumstances. A reviewing court cannot therefore say that contributory negligence does not exist where the evidence would support a finding that the father did not pursue a course which a reasonable and prudent person would have followed under the same circumstances.

Finally, it is argued that the issue of unavoidable

accident was improperly left with the jury. With this we cannot agree. The appellant rests his argument on the premise that since the injury was caused ''by the gross negligence of defendant Millar'' there was no evidence justifying the submission of the issue to the jury. The premise being wrong the conclusion is also wrong. There was no evidence showing gross negligence. There was some evidence which would have supported an inference of ordinary negligence, but there was also evidence which would support a contrary inference. As no witness saw the boy within five minutes prior to the accident it was a reasonable inference that, after Millar looked under and about the truck, the boy ran to a position where he could not have been seen when the truck was started.

Appellant also argues that the issue was not properly presented in the pleadings. The authorities hold that a general denial of negligence permits a defendant to rely upon the defense of unavoidable accident, without special pleading. (*Pearce* v. *Elbe,* 98 Cal.App. 101, 105-106 [276 P. 389]; *Sitkei* v. *Ralphs Grocery Co.,* 25 Cal.App.2d 294, 297 [77 P.2d 311]; *Stevenson* v. *Fleming,* 47 Cal.App.2d 225, 232 [117 P.2d 717].)

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.