[Civ. No. 22992.   Second Dist., Div. Two.   May 26, 1958.]

STEPHEN F. GRANT, a Minor, etc., et al., Respondents, v. FRITZ MUELLER, Appellant.

Spray, Gould & Bowers and Robert M. Maslow for Appellant.

Fisk & Tyson, Robert M. Fisk and Robert Charles Lutz for Respondents.

FOX, P. J.—This is an action for damages for personal injuries. A jury trial resulted in a verdict and judgment in favor of defendant. Plaintiff's* motion for a new trial was granted on grounds other than the insufficiency of the

---

*Although there are two plaintiffs herein, for the purposes of this opinion we shall use plaintiff in the singular as referring to Stephen, the minor.

evidence to justify the verdict. Defendant has appealed from the order granting a new trial.

Late in the afternoon of September 22, 1954, plaintiff, who was then 12 years of age, rode his bicycle into and upon the school grounds of the First Lutheran Church, located a short distance from his home. He was accompanied by two other boys on bicycles. They proceeded on their bicycles to a drinking fountain on the north end of the grounds. One of the boys left almost immediately. Plaintiff testified that he and the other boy rode their bicycles in an elongated circle for a period of from 5 to 15 minutes in the area between the school and the church. He further testified that he had ridden his bicycle on these grounds between 20 and 40 times and had never been admonished, by teachers or others connected with the school, not to ride his bicycle on the premises. Although there was testimony as to the presence of a no trespassing sign at the entrance to the grounds, plaintiff was not aware of any such sign.

On the evening in question defendant had driven to the schoolgrounds to pick up his daughter, who was there attending a girl scout meeting. Defendant had been a member of the church for 10 years, and his daughter attended the school that it maintained in connection therewith. Upon driving onto the premises, defendant parked his car at the parking lot for 15 or 20 minutes before his daughter was ready. Upon his daughter's entering the car, defendant proceeded to leave the grounds. In so doing, he came abreast of a pickup truck parked in the area. Plaintiff emerged on his bicycle from behind the truck and was struck by defendant's car, which dragged him approximately a car's length. It is for the injuries thus sustained that plaintiff brought this action.

Defendant knew that these church and school grounds were frequented by children and that they often rode their bicycles over the area. He had on many occasions warned children about riding their bicycles there, estimating that he had given such warnings between 20 and 30 times. On the afternoon in question defendant observed parked bicycles nearby. He also saw children using the playground equipment.

As stated by appellants' counsel, "There is but one question presented, i.e., Did the court abuse its discretion in granting the motion for a new trial?" We have concluded that this question must be answered in the negative. At the

request of the defendant, the court instructed the jury as follows:

1. "The landowner or rightful occupant of land is under no duty to do acts to facilitate a trespass by another person or to render it safe. Neither is the owner or such occupant under any duty to the trespasser to exercise care in his, the owner's or occupant's, management of the premises or in his maintenance of conditions or his activities thereon except only that when a landowner or an occupant of land learns, or in the exercise of ordinary care should know, that a trespasser is in a dangerous position he, the owner or occupant, is bound to exercise ordinary care to avoid injuring the trespasser. A failure to do [so] is negligence."

2. "Certain instructions have been given you as to the duty owed a trespasser. You are instructed that so far as the issues of this case are concerned the defendant, Fritz Mueller, stands in the same position as First Lutheran Church as owner or occupier of land and if plaintiff Stephen Grant was a trespasser insofar as the Church is concerned, then he was a trespasser insofar as defendant, Fritz Mueller, is concerned. To put the matter another way, if Stephen Grant was a trespasser, the defendant, Fritz Mueller, owed plaintiff Stephen Grant the same but no greater duty than the First Lutheran Church would owe him.

"If Stephen Grant was not a trespasser, then the defendant owed him the duty to exercise the care of a reasonably prudent man under all the circumstances to avoid injuring him."

Instruction 1 in effect advised the jury that if they found the plaintiff to be a trespasser, then defendant would have owed the plaintiff the duty to exercise ordinary care only in the event they also found that defendant knew or should have known that plaintiff was "in a dangerous position." This instruction is clearly erroneous. The appropriate principle to be applied in the circumstances of this case is defined in *Kading* v. *Willis*, 135 Cal.App.2d 82 [286 P.2d 861]. The court there stated (p. 87): "The rule now generally accepted in this state and elsewhere is that the operator of a motor vehicle who is or should be cognizant of the proximity of children must exercise ordinary care to discover their presence upon or near his vehicle and upon such discovery to use ordinary care to avoid inflicting injury upon them; and this rule applies regardless of the infant's status as trespasser, licensee or invitee. 'As the

courts have frequently said, it is ordinarily necessary to exercise greater care for the protection and safety of young children than for adult persons possessing normal and mature faculties. Their conduct is unpredictable and one operating a motor vehicle should anticipate their thoughtlessness and impulsiveness. (*Shannon* v. *Central-Gaither U. School Dist.*, 133 Cal.App. 124 [23 P.2d 769].) ▮ The presence of children is in itself a warning requiring the exercise of care for their safety. (*Seperman* v. *Lyon Fire Proof Storage Co.*, 97 Cal.App. 654 [275 P. 980].) ▮ Moreover, if the evidence shows that a driver has knowledge of the presence of children he may be held to have been responsible although it appears that he did not see the injured child in time to prevent the injury.' (*Conroy* v. *Perez*, 64 Cal.App.2d 217, 224 [148 P.2d 680].) To the same effect are *Hilyar* v. *Union Ice Co.*, 45 Cal.2d 30 [286 P.2d 21]; *Frederiksen* v. *Costner*, 99 Cal.App.2d 453, 456 [221 P.2d 1008]; *Freeland* v. *Jewel Tea Co.*, 118 Cal.App.2d 764, 768-769 [258 P.2d 1032]; *Marino* v. *Valenti*, 118 Cal.App.2d 830, 842 [259 P.2d 84]; *Gorzeman* v. *Artz*, 13 Cal.App.2d 660, 662 [57 P.2d 550]; *Parra* v. *Cleaver*, 110 Cal.App. 168, 171 [294 P. 6]. . . ."

▮ Applying this principle to the facts at hand it is clear that defendant owed plaintiff the duty to exercise ordinary care to discover plaintiff's presence near his vehicle and to avoid injuring plaintiff. On the day of the accident defendant knew that children were in the area where he had parked his car; he observed them using the playground equipment and saw bicycles parked nearby. He knew that children often rode their bicycles in the area and had even warned them about it.

▮ Since defendant's mere knowledge of the proximity of children imposed upon him a duty to exercise ordinary care to discover their presence near his vehicle and to avoid injuring them regardless of whether or not they were trespassers (*Kading* v. *Willis, supra*; *Conroy* v. *Perez, supra*), it was error to instruct the jury that defendant owed such duty to plaintiff only if defendant knew or should have known that plaintiff was in a dangerous position. Defendant owed plaintiff the duty to exercise due care even if he had no reason to believe that plaintiff was in a position of danger. Assuming that the jury found the plaintiff was a trespasser, instruction 1 permitted them to conclude that defendant owed plaintiff no duty of care if he had no reason to suspect that his car might strike plaintiff as he (defendant) started to leave the grounds.

▮ But a driver who has knowledge of the presence of chil-

dren may be held responsible "although it appears that he did not see the injured child in time to prevent the injury." (*Kading* v. *Willis, supra,* p. 87; *Conroy* v. *Perez, supra,* p. 224.)

Instruction 2 (which was given immediately following instruction 1), when read in conjunction with instruction 1, implies the idea that defendant owed plaintiff no duty of care if plaintiff was a trespasser. Under such circumstances the instruction was plainly erroneous and misleading.

There can be no doubt that the error in these instructions was prejudicial. A somewhat similar error was held to be ground for reversal in the Kading case.

The trial court also instructed the jury on unavoidable accident. The Supreme Court has recently pointed out the impropriety of giving such an instruction. (*Butigan* v. *Yellow Cab Co.,* 49 Cal.2d 652 [320 P.2d 500].) The court held that it is confusing and misleading. (*Butigan* v. *Yellow Cab. Co., supra,* p. 669; see also *Martz* v. *Ruiz,* 158 Cal.App.2d 590, 591 [322 P.2d 981].) The giving of such instruction in this case was further justification for the trial court's granting plaintiff's motion for a new trial. From the foregoing it is clear that the trial court did not abuse its discretion.

The order is affirmed.

Ashburn, J., and Herndon, J., concurred.