[Civ. No. 20817.   First Dist., Div. Two.   June 17, 1963.]

LAWRENCE WESLEY SMITH, a Minor, etc., Plaintiff and Appellant, v. DAVID A. WEMMER et al., Defendants and Respondents.

228

James G. Butler for Plaintiff and Appellant.

Grunsky & Pybrum and Donald L. Grunsky for Defendants and Respondents.

SHOEMAKER, J.—This is an appeal by plaintiff Lawrence Wesley Smith, a minor, through his guardian *ad litem,* Miga L. Smith, his mother, from a judgment rendered against him in his suit brought to recover for his personal injuries suffered when struck by a truck driven by defendant David Wemmer, during the course of his employment by defendant Garold Wemmer, doing business as Wemmer Ready Mix Company.

The facts are substantially without conflict. The accident occurred January 16, 1959, at 4:30 p.m., on Santa Clara Street, between Napa and San Benito Streets, in the City of Watsonville, California. Shortly before the accident, the plaintiff, a boy aged 5 years and 18 days, was playing on the sidewalk near his home with a friend who was also 5 years of age. David Wemmer was driving an unloaded 4-ton dump truck in

a southerly direction down Santa Clara and was proceeding at a speed of 15 or 20 miles per hour. Upon arriving at the intersection of Santa Clara and Napa Streets, Wemmer observed two boys playing on the sidewalk on the right-hand side of the street near the intersection of Santa Clara and San Benito. Since the day was clear and there were no cars parked on the right-hand side of the street, he had an unobstructed view ahead, and continued onward at the same rate of speed toward the San Benito intersection. As he approached the area where the two boys were playing, he continued to watch them and observed that they were wrestling with one another on the sidewalk. Wemmer also observed that an eastbound car was stopped at the intersection of Santa Clara and San Benito. As the cab of his truck drew alongside the boys, he saw that they were still playing on the sidewalk. When the cab of his truck was some 15 or 20 feet past the boys, he looked up and saw a horrified expression on the face of the driver who was stopped at the San Benito intersection. He immediately pulled over to the right and stopped his truck at the San Benito intersection. He went back and found the plaintiff lying in the street approximately 5 to 7 feet from the curb, severely injured.

Vivian Gross, the driver of the eastbound car and the only eyewitness to the accident, testified that the front portion of defendant's truck had already cleared the boys when the plaintiff, without any prior warning, turned and ran as fast as he could into the side of the truck. She did not observe the actual impact itself, as she had covered her face with her hands.

Appellant does not challenge the sufficiency of the evidence to support the judgment. His sole contention is that the trial court erred in giving and refusing certain instructions to the jury.

Appellant first asserts that the matter of contributory negligence should not have been submitted to the jury because a child aged 5 years and 18 days cannot be guilty of negligence as a matter of law. This contention is wholly without merit. Our courts have consistently rejected the theory that a child between 5 and 6 years of age is incapable of contributory negligence as a matter of law. (*Courtell* v. *McEachen* (1959) 51 Cal.2d 448, 454 [334 P.2d 870]; *Christian* v. *Goodwin* (1961) 188 Cal.App.2d 650, 654 [10 Cal.Rptr. 507].)

In the present case, there was evidence that appellant was a child of normal mentality prior to the accident, that he had been accustomed to playing in front of his house since the age of 3½ years, and that his mother had repeatedly warned him of the danger of going into the street. Under such circumstances, it was entirely proper for the trial court to instruct the jury on the issue of contributory negligence.

Appellant next contends that the court, in giving BAJI 147 (setting forth the standard of conduct applicable to a child), omitted that portion of the instruction which provides as follows: "[The rule just stated applies even when a child is charged with having violated [a statute] [or] [an ordinance] *or the evidence shows such a violation*. The question whether or not the child was negligent still must be answered by the standard applicable to children as I have stated it to you." (Italics added.) Appellant, while conceding that none of the instructions charged him with a violation of any specific statute or ordinance, asserts that the evidence clearly showed that he was in the street at the moment of impact with respondent's truck, and was not within a marked or unmarked crosswalk. It is appellant's position that the jury must be presumed to have been familiar with Vehicle Code, section 21954, which provides that a pedestrian upon a roadway at any point other than within a crosswalk shall yield the right of way to all vehicles upon the roadway. Under such circumstances, appellant asserts that the court ought to have given the omitted portion of BAJI 147 in order to clarify any confusion which might exist in the minds of the jurors. In support of this contention, appellant relies upon *Cummings* v. *County of Los Angeles* (1961) 56 Cal.2d 258 [14 Cal.Rptr. 668, 363 P.2d 900], and *Daun* v. *Truax* (1961) 56 Cal.2d 647 [16 Cal.Rptr. 351, 365 P.2d 407]. In both of these cases, however, the jury was instructed that a violation of a specified section of the Vehicle Code would constitute negligence per se. These authorities are thus readily distinguishable from the present case where neither the pleadings, evidence, nor jury instructions, made any reference to a specific statute or ordinance pertaining to the duties of a pedestrian. Appellant, in contending that Vehicle Code, section 21954, is "so well known" that the jury must be presumed to have had independent knowledge of its provisions, overlooks the fact that the jury is required to take the law of the case solely from the court through the medium of instructions. In *Pisani* v. *Martini* (1933) 132 Cal.App. 269, 274

[22 P.2d 804], the court stated: "It [the jury] is not presumed to know the law, and if in the absence of instructions it assumes to possess such knowledge, any attempt to apply it to the facts of the case constitutes a violation of its duty."

■ In the present case, it cannot be assumed, in the absence of any evidence to that effect, that the jury improperly relied upon its independent knowledge of a statute upon which no instructions were given. We believe that the giving of the omitted portion of BAJI 147, in the absence of any instructions upon a specific statute or ordinance, could only have confused the jury and might well have resulted in genuine prejudice to appellant. It necessarily follows that this portion of appellant's requested instruction was properly refused.

Appellant next contends that the court erred in refusing to give five other instructions requested by him.

The first of these instructions, BAJI 101-C, was in fact given by the court in its entirety.

■ The second instruction which appellant alleges was erroneously refused is BAJI 140 (the "looking and not seeing" instruction). The refusal to give this instruction did not constitute error. In the instant case, the record was devoid of any evidence indicating that respondent looked but did not see, or listened but did not hear. The evidence was all to the contrary. Had the requested instruction been given, it is extremely likely that the jury would have considered it applicable to appellant, in view of the evidence tending to show that he ran directly into the side of respondent's truck. An appellant may not complain of error which is in his own favor. (*Driskill* v. *Thompson* (1956) 141 Cal.App.2d 479, 483 [296 P.2d 834].) In any event, the instruction has been criticized as an argumentative statement of a truism well known to all persons of average intelligence. (*Callahan* v. *Theodore* (1956) 145 Cal.App.2d 336, 339-340 [302 P.2d 333].)

■ Appellant next complains of the court's failure to give BAJI 151.[1] Here again, the record contains no evidence

---

[1] "It is the duty of the driver of any vehicle using a public street or highway to exercise ordinary care to avoid placing himself or another person in danger; to use like care to avoid an accident from which injury might result; to be vigilant at all times, keeping a lookout for traffic and other conditions to be reasonably anticipated; and to keep the vehicle under such control that, to avoid a collision with any person or with any other object, he can stop as quickly as might be required of

indicating that respondent was not exercising due care to avoid an accident, that he was not vigilant, or that his control over his vehicle was not such that he could have stopped in time to avoid any accident which could reasonably have been anticipated by him. In any event, the court gave several instructions outlining respondent's duty to be vigilant and cautious, to anticipate the ordinary behavior of children, and to exercise a high degree of care in his capacity as the driver of a dangerous instrumentality capable of inflicting serious and fatal injuries. Appellant has directed this court's attention to no case in which a failure to give this requested instruction was held to constitute prejudicial error. In the present case, the instruction was properly refused.

■ Appellant next asserts that the court ought to have given the following requested instruction: "The presence of children is in itself a warning requiring the exercise of care for their safety, and if the driver has knowledge of the presence of children, he may be held responsible although it appears that he did not see the injured child in time to prevent the injury." This instruction is based upon language contained in *Grant* v. *Mueller* (1958) 160 Cal.App.2d 804, 808 [325 P.2d 680], and *Conroy* v. *Perez* (1944) 64 Cal.App.2d 217, 224 [148 P.2d 680], and constitutes a correct statement of the law. However, there was no evidence that respondent's failure to see appellant was the cause of the accident. Furthermore, the trial court did instruct the jury that greater caution must be exercised for the care of a young child than for an adult and that the fact that children cannot and do not exercise the same degree of prudence for their own safety as adults and are often thoughtless and impulsive, imposes a duty to exercise a proportional vigilance and caution on those dealing with children. Under such circumstances, it cannot be said that appellant was prejudiced by the court's refusal to give this requested instruction.

■ Appellant's final assignment of error is the court's failure to instruct the jury that "The operator of a motor vehicle who is or should be cognizant of the proximity of children must exercise ordinary care to discover their presence upon or near his vehicle and upon such discovery to use ordinary care to avoid inflicting injury upon them." Respond-

---

him by eventualities that would be anticipated by an ordinarily prudent driver in like position."

ent's duty of care toward a young child was adequately covered by instructions we have discussed.

Judgment affirmed.

Kaufman, P. J., and Agee, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 14, 1963.