[Civ. No. 13213. Second Dist., Div. Two. Dec. 18, 1941.]

JOSEPH ALVIN STROUD et al., Appellants, v. DONALD ROBERT HANSEN, a Minor, etc., et al., Respondents.

558

Fred M. Riedman for Appellants.

Crider, Runkle & Tilson and John J. Ford for Respondents.

MOORE, P. J.—Plaintiffs appeal from a judgment after verdict in an action for damages for personal injuries to a minor.

The complaint alleges that Sharon Stroud, six years of age, while walking across Magnolia Avenue near its intersection with 20th Street, in the city of Long Beach, was run down by an Oldsmobile driven by Donald with the consent of his father, Harold T. Hansen. Serious bodily injuries are alleged to have been suffered by Sharon as the proximate result of the declared negligence of the driver of the automobile.

The accident occurred at about 4:30 p. m. on March 30, 1940, just after Sharon and her companion, Joyce Jacobs, 8 years of age, had left Larkins Grocery Store situated at the southeast corner of the intersection. After leaving the store the two children attempted to cross Magnolia Street from its east curb at a point about 70 feet south of 20th Street. They proceeded in a westerly direction. As they were arriving at a point near the center of Magnolia, defendant's automobile approached them. Joyce escaped, reached the west curb in safety, while Sharon, apparently excited, hesitated and was struck by the Oldsmobile as a result of which she was knocked some distance suffering sorely from the impact. The speed of the car at the time the driver came in view of the two children was about 30 miles per hour, according to Donald's testimony. The skid marks made by the tires upon the application of the brakes and until the car came to a stop were in excess of 66 feet in length. The course along which the girls attempted to cross Magnolia was about 70 feet south of the intersection of 20th Street.

Appellants claim that prejudicial errors were committed by the court as follows:

(1) Sustaining the objection to an inquiry of the officer who interviewed Donald for the purpose of making a report for the police department; (2) giving certain instructions and refusing to give other instructions.

The ruling of the court in sustaining objection to the inquiry made of the police officer was error. Section 484 of the Vehicle Code requires the driver of a vehicle involved in an accident resulting in injuries to cause a written report to be made of such accident. Section 488 provides that no such

report shall be used as evidence in any trial arising out of such accident. But it was not a report so provided to be made that was offered but rather the testimony of the officer as to the statements made by the driver to him. No evidence of the facts that occurred at the time of a vehicular accident is privileged. Only those reports are confidential which are so made by section 488 of the Vehicle Code. To make a statement privileged and inadmissible it must come within the express terms of the section. (*Dwelly* v. *McReynolds*, 6 Cal. (2d) 128, 131 [56 Pac. (2d) 1232]; *Inouye* v. *McCall*, 35 Cal. App. (2d) 634, 636 [96 Pac. (2d) 386].) ▆ However appellants are not in a position to complain of the court's ruling. Neither did the question itself as asked indicate that the answer to it would be favorable to plaintiff nor did they make any offer to prove that the proposed answers would have been advantageous to them. Prejudicial error will not be presumed in excluding evidence unless the question to which objection has been sustained shows affirmatively that the answer would elicit proof favorable to the party making the inquiry and that it bears upon a material and relevant issue. Such ruling will not be reviewed unless it appears that the party who asked the question thereupon made an offer of what he intended to prove. (*Thompson* v. *Buffum's, Inc.*, 17 Cal. App. (2d) 401 [62 Pac. (2d) 171]; *Newman* v. *Sunde*, 23 Cal. App. (2d) 332, 335 [73 Pac. (2d) 260]; *Snowball* v. *Snowball*, 164 Cal. 476 [129 Pac. 784]; *Grandy* v. *Southern Pac. Co.*, 9 Cal. App. (2d) 441 [49 Pac. (2d) 1127].)

▆ Complaint is made that the court erred in instructing the jury that the testimony was undisputed to the effect that plaintiff was attempting to cross the street at a point other than the crosswalk at the intersection and at a point other than that of an unmarked crosswalk. Where a pedestrian is not crossing in a crosswalk, the driver has the right of way. (Vehicle Code, sec. 562.) All the testimony introduced by appellants except that of Sharon shows that at the time of impact she was in the center of Magnolia Avenue at a point about 70 feet south of 20th Street. Such was the testimony of the witness Larkin who saw Sharon going through the air; of the witness McCormick who saw the two girls leave the curb 70 feet south of the intersection;

of Joyce Jacobs who fixed the point of their leaving the easterly curb at about 70 feet south of 20th Street; of Officer Houghton who testified that on his arrival Sharon lay in Magnolia Avenue 80 feet south of 20th Street. Furthermore the skid marks of defendant's car did not begin until the car had reached a point $18\frac{1}{2}$ feet south of the extended curb line on the south side of 20th Street. In view of this proof, the testimony of Sharon was not sufficiently clear or positive to warrant the judge in presenting the issue as to whether the child attempted to cross Magnolia within a crosswalk. The instruction was warranted under the court's authority to comment upon the evidence. (Constitution, art. I, sec. 13.)

■ Complaint is made that the instructions given by the court upon the question of contributory negligence were confusing. Those instructions which appellant criticized (defendant's 4, 16 and 35) in substance state that it was the duty of plaintiff as an ordinary prudent person to look in the direction from which danger was to be anticipated and to continue on the alert, and that in crossing a street between intersections a pedestrian must observe greater care than at established crossings. The criticized instructions might have been omitted but they do not misstate the law. They contain nothing contradictory of Baji* instructions 103 and 59 which at plaintiff's request the court gave and which read as follows:

"Baji No. 103: A child is not held to the same standard of conduct as an adult and is only required to exercise that degree of care which ordinarily is exercised by children of like age, mental capacity and experience. There is no precise age at which, as a matter of law, a child comes to be held accountable for her actions by the same standard as applies to an adult. It is for you to determine the mental capacity and experience of Sharon Stroud, and whether her conduct was or was not such as might reasonably have been expected from a child of like age, capacity and experience, under the same or similar circumstances."

---

* Taken from the book of approved jury instructions prepared by the Superior Court of Los Angeles County.

"Baji No. 59." "A person who, without negligence on his part, is suddenly confronted with unexpected and imminent danger, either to himself or to others, is not expected, nor required, to use the same judgment and prudence that is required of him in the exercise of ordinary care, in calmer and more deliberate moments. His duty is to exercise only the care that an ordinarily prudent person would exercise if confronted with the same unexpected danger, under the same circumstances. If at that moment he does what appears to him to be the best thing to do, and if his choice and manner of action are the same as might have been followed by any ordinary prudent person under the same conditions, he does all the law requires of him, although, in the light of after-events, it should appear that a different course would have been better and safer."

The standard of care required of a child having been explained to the jury in Baji 103, it is presumed that they possess common intelligence and that they considered the instructions as a whole. (*Douglas* v. *Southern Pac. Co.,* 203 Cal. 390, 396 [264 Pac. 237].) A trial court is not required to state in one instruction all of the law with reference to the issues involved. All instructions must be read together and each must be considered in connection with all. If they harmonize and fairly state the law the verdict will not be disturbed. (*Callet* v. *Alioto,* 210 Cal. 65, 70 [290 Pac. 438]; *Barlow* v. *Crome,* 44 Cal. App. (2d) 356 [112 Pac. (2d) 303].)

Some of the testimony indicates that when Sharon reached a point near the center of Magnolia Avenue she stopped. Appellants contend that Sharon yielded the right of way to the Oldsmobile and that the court's instruction in regard to yielding the right of way was therefore unnecessary and was calculated to becloud the issues. Upon a careful scrutiny of the testimony of the adult persons who witnessed the accident, it is rather to be inferred that the child confusedly hesitated when she saw the approaching car. Such hesitancy is not the yielding required of the pedestrian crossing a city street outside of a crosswalk. The point at which the pedestrian must stop in order to maintain a safe position and to allow vehicular passage must be clearly outside the course of travel of approaching motor

cars. All of the instructions given by the court, as reported in appellant's brief, with reference to contributory negligence of a person crossing a street outside of a crosswalk required the same degree of caution of both pedestrian and driver. But they emphatically imposed upon the driver the duty to be "alertly conscious of the power of his machine and of its capability to project any negligence into a serious consequence" and required that his caution be adequate to the responsibility imposed upon an operator of any vehicle to exercise ordinary care. From any view of the case we are unable to ascertain any prejudice that plaintiffs might have suffered by reason of the instructions with reference to contributory negligence. (*Smith* v. *Brown*, 102 Cal. App. 477, 481 [283 Pac. 132]. Section 4½ of article VI of the Constitution.)

Appellants inserted in their brief three answers given by the operator of the Oldsmobile for the purpose of showing that he was 18 feet south of the corner when he first saw the children; that he was traveling at from 27 to 30 miles per hour when he reached the south line of 20th Street. From this they argue that certain instructions which they say they requested to be given with respect to the care required of adult persons when they see children upon the highway should have been given. They concede that the following instructions were given:

"It is ordinarily necessary to exercise greater care for the protection and safety of young children than an adult person who possesses normal and mature faculties, one should anticipate thoughtlessness and impulsiveness in the conduct of a young child; one dealing with children must anticipate ordinary behavior of children."

"You are instructed that it is the duty of an operator of an automobile to operate the same at such rate of speed and in such manner as will enable him to retain control over the same, and to reasonably stop it or check its speed in the event it is necessary to do so. *Batti* [*Botti*] v. *Savill*, 68 C. A. D. 926, 928 [97 Cal. App. 524 (275 Pac. 1029.)]"

The foregoing instructions considered in connection with Baji instructions 59 and 103 fully declare the law applicable to the situation presented by the facts of this case. The instructions which appellants say were rejected are merely

enlargements of and arguments made upon the quoted instructions. ■ Each of the nine instructions which were rejected can be thus characterized while one of them undertakes to direct a verdict for plaintiff without making any reference to possible contributory negligence and without having defined negligence or proximate cause. ■ Unless an instruction directing a verdict for plaintiff embraces all conditions necessary to establish the liability of a defendant, it is erroneous and should not be given. (*Queirolo* v. *Pacific Gas & Electric Co.*, 114 Cal. App. 610, 614 [300 Pac. 487]; *Douglas* v. *Southern Pac.*, *supra.*) ■ The refusal to give such instructions as those denied by the court, having to do with the conduct of a motorist where he observes children at play upon a highway, could not result in a miscarriage of justice. (*Conner* v. *East Bay Municipal Utility Dist.*, *etc.*, 8 Cal. App. (2d) 613, 619 [47 Pac. (2d) 774, 48 Pac. (2d) 982].)

Having been pointed to no evidence from which it might be determined that there was a miscarriage of justice because of the giving or refusing of any of the instructions designated it would be improper to interfere with the verdict of the jury. "No judgment shall be set aside, or new trial granted in any case on the ground of misdirection of the jury . . . unless after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of had resulted in a miscarriage of justice." (Constitution, article VI, sec. 4½.)

■ Although the reporter's transcript contains 120 pages the amount of the evidence actually inserted in appellant's brief could have been included in less than two pages of such transcript. The burden is upon appellants to make an affirmative showing that they have been prejudiced by the rulings or instructions of the trial court. (*Wallace* v. *King*, 27 Cal. App. (2d) 174, 181 [80 Pac. (2d) 523].) Appellant having failed to carry the burden by pointing out the evidence that might support their contention, relief must be denied. (*Etienne* v. *Kendall*, 202 Cal. 251 [259 Pac. 752].)

The judgment is affirmed.

Wood (W. J.), J., and McComb, J., concurred.