[Civ. No. 12067. First Dist., Div. Two. June 9, 1942.]

DONALD FRASER, Respondent, v. PRESTON STELLIN-
GER et al., Appellants.

F. E. Hoffmann and Daniel J. O'Brien, Jr. for Appellants.

Norman S. Menifee for Respondent.

STURTEVANT, J.—The defendants in the above entitled action have appealed from a judgment awarding damages to the plaintiff for injuries sustained in an automobile collision.

At about five o'clock in the afternoon of the 24th day of September, 1940, plaintiff was riding and operating a bicycle in a general northerly direction on the Bayshore Highway about one mile north of Redwood City. The highway in that neighborhood is broad. It is divided into four lanes. A double white stripe is marked down the middle. Each side is divided into two lanes that are separated by a single white stripe. Each lane is 10 feet wide. The lanes adjacent to the middle are known as the fast lanes and the outside ones are known as the slow lanes. The plaintiff was propelling his bicycle along the shoulder on the east side of the highway. He testified that he was traveling along a line approximately 2 feet from the easterly border of the highway. He also testified he did not turn off the shoulder. The defendant Preston Stellinger was driving a 5-ton motor truck in the same direction. He approached from the south and was traveling north to his home in San Francisco. As he proceeded north he testified that he was traveling in about the middle of the slow lane. At the time of the accident he was traveling in his judgment 35 to 40 miles per hour. As he drove north he saw the plaintiff riding the bicycle about 1,000 feet ahead. Stellinger continued to drive forward and when about 50 feet behind the plaintiff he sounded the electric horn on his truck. The plaintiff did not indicate that he heard the horn. He testified that he did not hear it. He also testified he was hit from the rear. Stellinger continued forward and when he was 2, 3, 4, or 5 feet to the rear of the bicycle he testified the plaintiff swerved the bicycle across the path of the truck. Stellinger testified that when he saw the movement he swerved his truck toward the middle line of the highway but his right fender hit the side of the bicycle obliquely. Both the plaintiff and the defendant Stellinger testified that the north end of the easterly lanes were unoccupied at the time and neither saw any vehicle ahead nor any vehicle approaching from the rear. No other witnesses saw the accident at the time of the impact. The collision occurred in such a manner and with such force that the bicycle on which the plaintiff was riding was knocked to the right a distance of about 20 feet. The plaintiff was thrown north and to the right and landed in the field on the east side of the highway. When picked up he was 15 to 20 feet east of

the highway and about 50 feet north of the bicycle. William Thayer was driving an automobile in the slow lane on the western side of the highway. Another automobile was traveling in the same direction and about two lengths ahead of him. As they continued down the highway Thayer was observing the movements of the automobile immediately ahead of him. He continued forward until he was nearly opposite the truck being driven by the defendant Stellinger when he glanced to the left and, as he testified, he saw Fraser's body flying through the air. At about the same time Stellinger's truck had so swerved to the left that it was traveling toward the automobile being operated by Thayer. The latter stopped his car. Stellinger slowed down his truck and came to a stop at a point about 200 feet north of the place where the collision had occurred.

Two doctors, who later attended the plaintiff and set his broken leg, testified that the break was caused by a blow from the rear.

The defendants contend that the plaintiff was guilty of contributory negligence as a matter of law. That contention rests primarily on the further contention that such fact is shown by certain physical facts testified to by the witnesses. Immediately after the accident Mr. Wallace, a traffic officer, arrived from the north. At about the same time Mr. Thayer had stopped his car. Both went to the place of the collision. They saw tire marks on the surface of the highway. Mr. Thayer testified the tire marks commenced in the middle of the slow lane and swerved abruptly toward the middle of the highway. They extended a distance twice the length of the truck. Mr. Wallace testified that the marks commenced about 3 feet from the east line of the highway. Broken glass lay in the highway about 2 feet north of the tire marks. Pointing to that testimony the defendants contend that the impact occurred in the slow lane. They further contend that the plaintiff could not have been riding on the shoulder at the time of the impact. We think they claim too much. There are other physical facts that also must be considered. The same witnesses testified that the plaintiff's body lay in the field about 15 feet east of the highway; that the bicycle also lay in the field 15 or 20 feet east of the highway and about 50 feet south of plaintiff's body. Mr. Thayer testified the bicycle was lying alongside of the pavement at about the same point where the tire marks were on the pavement and the body was 50 feet north and about 50 feet east of the

highway—it might not have been that far. It was off the highway and on ahead. Mr. Wallace testified that the bicycle was *"absolutely opposite"* the marks in the highway. It is sufficient to remark that all of these physical facts are confusing and that it may not be said as a matter of law that the testimony of the plaintiff was impossible, nor may it be said that the physical facts necessarily corroborate the testimony given by the defendant Stellinger. It follows that it may not be said as a matter of law that the plaintiff was guilty of contributory negligence.

 The defendants copied an instruction on sudden emergency from *Church* v. *Payne,* 36 Cal. App. (2d) 382, 385 [97 P. (2d) 819], and requested that it be given. The trial court refused the request "because the driver (Stellinger) had had the rider in view for 1000 feet as shown by his own testimony." The ruling was not erroneous. (*Dougherty* v. *Ellingson,* 97 Cal. App. 87, 96 [275 Pac. 456].) Furthermore the case was tried by the parties each claiming the accident was caused by the negligence of the other. The jury was fully instructed on the rules of law applicable to the respective theories of the alleged negligence of the defendant and the contributory negligence of the plaintiff. We cannot see how the defendants could have been prejudiced by the ruling complained of.

 The defendants also copied the fifth instruction in *Church* v. *Payne, supra,* and asked that it be given. That instruction is on the subject of unavoidable and inevitable accident. The trial court refused to give it. That ruling the defendants also assign as error. However we find no error in the ruling. That issue was not presented by either the pleadings or the evidence. The case was tried on the theory of each party, supported by his evidence, that the collision was caused entirely by the other's negligence. (*Groat* v. *Walkup Drayage & W. Co.,* 14 Cal. App. (2d) 350, 355 [58 P. (2d) 200].)

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 6, 1942.