[Civ. No. 20502.   Second Dist., Div. One.   Jan. 31, 1955.]

ROBERT N. HARTSHORNE, a Minor, etc., et al., Appellants, v. ROBERT A. AVERY, Respondent.

Hunt & McCann for Appellants.

Spray, Gould & Bowers and Joseph L. Spray for Respondent.

DRAPEAU, J.—This action arises out of a collision between defendant's Chevrolet pickup truck and the minor plaintiff's bicycle.

The record on appeal is embodied in an engrossed statement in lieu of reporter's and clerk's transcripts.

The accident occurred at 9 o'clock in the evening of June 10, 1952, about an hour after sunset, at the intersection of Burbank Boulevard and Avon Street, in the city of Burbank. The intersection was comparatively well lighted.

Defendant was driving westerly on the boulevard at about 20 miles per hour. Approaching Avon, he signaled for a left-hand turn. As he completed the turn and the wheels of his truck were parallel with the west curb line of Avon, his lights picked up the minor plaintiff riding on a white bicycle. He was about 10 feet away. Defendant slowed to 15 miles and proceeded two car lengths after the impact. At the time in question plaintiff, traveling easterly on the boulevard, was turning south and to his right in the intersection. There were no obstructions in the intersection and defendant's lights and brakes were in good order.

The minor plaintiff was thirteen years and eight months of age. He was accustomed to going out at least one evening a week to YMCA, church and boy scout affairs. On the night of the accident, he and a friend were riding around on bicycles. It is admitted that plaintiff's bicycle was not equipped with a light. And that his parents had warned him not to ride a bicycle at night on the streets without a light. He was traveling at a speed of from 8 to 10 miles an hour easterly on the boulevard, about one foot north of the south curb thereof. He could see easterly about four blocks and had seen defendant's truck for about half a block before it suddenly turned left in front of him. Although he tried to get out of the way, the rear of his bicycle was struck by the left front of the truck. The point of impact was south of the south curb line of Burbank Boulevard, between the center line and the west curb line of Avon Street.

The minor plaintiff, by his guardian ad litem, sought recovery of damages on account of painful injuries sustained by him in the collision. His parents sued to recover medical and hospital expenses incurred by them in his behalf.

The jury brought in a verdict in favor of the defendant. Thereafter, the court denied plaintiffs' motion for a new trial.

From the judgment on the verdict, plaintiffs appeal.

The sole question presented for decision is stated by them as follows:

"Is it prejudicial error in a personal injury action involving the doctrine of negligence per se to refuse an instruction

that distinguishes between the effect of traffic violations by an adult on one hand and by a minor on the other?''

The requested instruction which the court refused to give to the jury reads:

''#12   With respect to Vehicle Code section 622 just read to you, you are instructed that you are to consider this matter in the light of the age, capacity and experience of Robert N. (Bobby) Hartshorne and whether or not his conduct was or was not such as might have been reasonably expected from a child of like age, capacity and experience under the same or similar circumstances.''

It is here urged that the jury was instructed that the minor must act with respect to statutory violations just as an adult, and that this would have been remedied by giving appellants' instruction No. 12 which points out the distinction between a minor and an adult where negligence *per se* is involved.

Among others, the following instructions were given:

''Section 622 of the Vehicle Code of the State of California in full force and effect at the time of this accident provides that:

''Every bicycle at the times specified in Section 618 hereof shall be equipped with a lamp emitting a white light visible under normal atmospheric conditions from a distance of 300 feet in front of such bicycle.''

B.A.J.I. No. 2:

''If in these instructions, any rule, direction or idea be stated in varying ways, no emphasis thereon is intended by me, and none must be inferred by you.  For that reason, you are not to single out any certain sentence, or any individual point or instruction, and ignore the others, but you are to consider all the instructions as a whole, and to regard each in the light of all the others.''

Instruction No. 6, given at request of appellants:

''If a party to this section violated any of the statutes just read to you, a presumption arises that he was negligent. This presumption is not a conclusive one.  It may be overcome by other evidence showing that under all the circumstances surrounding the event the conduct in question was excusable, justifiable and such as might reasonably have been expected from a person of ordinary prudence.

''In this connection you may assume that a person of ordinary prudence will reasonably endeavor to obey the law and will do so unless causes, not of his own intended making, induce him, without moral fault, to do otherwise.

"To prove that any violation of a statute, such as those charged in this case, was excusable and justifiable, so as to overcome the presumption of negligence, the evidence must support a finding that the violation resulted from causes or things beyond the control of the person charged with the violation."

B.A.J.I. No. 147, given at request of appellants:

"A child is not held to the same standard of conduct as an adult and is only required to exercise that degree of care which ordinarily is exercised by children of like age, mental capacity and experience. There is no precise age at which, as a matter of law, a child comes to be held accountable for his actions by the same standard as applies to an adult. It is for you to determine the mental capacity and experience of Robert N. Hartshorne, and whether his conduct was or was not such as might reasonably have been expected from a child of like age, capacity and experience, under the same or similar circumstances."

It is appellants' position that the failure to give instruction No. 12 was not cured by giving instructions Nos. 2 and 147. In support of this they quote the following language in *Galbraith* v. *Thompson,* 108 Cal.App.2d 617, 621 [239 P.2d 468]:

"Even if the child's action was in violation of section 562, Vehicle Code (pedestrian to yield right of way to vehicles when crossing outside crosswalk) the question whether this should be considered negligence *per se* in this child was for the jury. The rule that a child is only held to care in accordance with its age and circumstances to be judged by the jury must prevail over the rule that violation of statute is negligence *per se* . . ."

Hence, appellants assert that "the rule of negligence per se must yield to the greater policy of the law to protect children."

The jury in the instant case were instructed on both issues, i.e., negligence *per se* and minority, and it must be assumed that they gave due consideration to both in bringing in their verdict.

As stated by this court in *Horrell* v. *Santa Fe Tank & Tower Co.,* 117 Cal.App.2d 114, 120 [254 P.2d 893]:

"It is not error for a court to refuse to give a requested instruction if the full charge correctly states the substance of the law applicable to the facts involved in the case (24 Cal. Jur. 806-810); and a reversal is not warranted unless it ap-

pears probable that a different result would have obtained had the refused instruction been given (24 Cal.Jur. 861-865)."

Also, as held in *Lasch* v. *Edgar*, 46 Cal.App.2d 726, 727 [116 P.2d 949],

"The trial judge in passing on a motion for new trial on the ground of an alleged erroneous instruction is controlled by Const., Art. VI, § 4½, and his conclusion thereon, after an examination of the evidence, should not be disturbed on appeal except on a clear showing that his ruling was wrong."

Likewise here, the trial court denied appellants' motion for a new trial based on the refusal to give the requested instruction. Moreover, the judgment is supported by substantial evidence and appellants have not shown that they were prejudiced by the refusal to give said instruction.

For the reasons stated, the judgment is affirmed.

White, P. J., and Doran, J., concurred.