[L. A. No. 26156. In Bank. July 20, 1961.]

DAVID CUMMINGS, a Minor, etc., Plaintiff and Appellant, v. COUNTY OF LOS ANGELES, Defendant and Respondent.

[2]None of these orders is made appealable by Probate Code, section 1240.

J. Paul Madsen for Plaintiff and Appellant.

Ball, Hunt & Hart and Clark Heggeness for Defendant and Respondent.

PETERS, J.—Plaintiff appeals from a judgment in favor of defendant in an action for damages for personal injuries sustained when the minor plaintiff was struck by defendant's automobile. It is contended on this appeal that the giving of certain instructions and the refusal to give others constituted prejudicial error.

The facts pertinent to the problems involved are as follows:

The minor (hereafter referred to as ''plaintiff''), who was 7 years old at the time of the accident, was walking on the east shoulder of a public highway with some other boys, all of whom were proceeding north with their backs to northbound traffic. It was daylight, and the weather was clear and dry. Defendant's automobile, driven by its agent, was proceeding northerly, behind a large covered truck, at a speed of 25 to 30 miles per hour. The driver of defendant's car testified that he saw plaintiff when his car was about 100 feet to a block southerly of the boys. At that time plaintiff was on the shoulder, from 2 to 6 feet east of the paved portion of the roadway. The testimony is conflicting as to whether plaintiff was standing, walking, trotting or running at that moment. In any event, defendant's driver testified that, on seeing plaintiff, he released the pressure of his foot on the accelerator, but did not immediately apply his brakes or sound his horn. From this point on, the testimony is in conflict. Defendant's driver testified that the plaintiff darted in front of his car, without seeing or looking at it, when it was but 10 to 20 feet south of him, and was struck on the highway proper. On the other hand, plaintiff produced evidence from which it can reasonably be inferred that defendant's driver attempted to pass the truck ahead of him, and, being blocked by a car approaching in the other direction, swerved back, too far, to his right and struck the plaintiff while he was on the shoulder of the road rather than on the highway. There was evidence that the car left 24 feet of skid marks on the highway, but again there was a conflict as to whether these marks were made by the front and rear right wheels (which would place the point of impact on the highway), or by the front and rear left wheels (which would indicate that the accident took place on the shoulder). There was no conflict as to the fact that defendant's car did force a southbound automobile off the highway, but the defendant's driver testified that this was because he swerved to his left, after the boy ran in front of him, in an unsuccessful attempt to avoid impact.

Plaintiff did not testify as to the facts of the accident, he

having suffered retrograde amnesia, among other things, as a result of his injuries.

Both parties concede that plaintiff was struck on the head by the right front headlight of defendant's automobile. The chief factual conflict concerned whether the point of impact was on the shoulder, one foot east of the paved portion of the highway, or in the northbound lane, four feet west of the shoulder. There was substantial evidence to sustain either conclusion. Since the jury returned a verdict for defendant there is an implied finding that it resolved this conflict against plaintiff by finding him guilty of contributory negligence. This is necessarily so because if the jury had found that the accident occurred on the shoulder, in the manner described by plaintiff's witnesses, there would have been no room for consideration of contributory negligence, and a plaintiff's verdict would have necessarily resulted. Thus the instructions on negligence and contributory negligence were of vital importance. The appeal is predicated upon alleged error in the giving and refusing of instructions in these two fields.

Plaintiff's principal contention is that the instructions, as given, misstate the law of contributory negligence applicable to a child 7 years of age. █ At the request of defendant, the court charged the jury in the following language:

"Section 562 [now section 21954] of the California Vehicle Code provides:

"CROSSING AT OTHER THAN CROSSWALKS.

"(a) Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway.

"(b) The provisions of this section shall not relieve the driver of a vehicle from the duty to exercise due care for the safety of any pedestrian upon a roadway.

"If a party to this action violated the sections of the statute just read to you, a presumption arises that he was negligent. This presumption is not conclusive. It may be overcome by other evidence showing that under all the circumstances surrounding the event, the conduct in question was excusable or justifiable.

"To prove that a violation of a statute such as that charged in this case was excusable or justifiable so as to overcome the presumption of negligence, the evidence must support a finding that the person who violated the statute did what might reasonably be expected of a person of ordinary prudence who

desired to comply with the law, acting under similar circumstances."

This instruction applied equally to the actions of David in running onto the highway, if the jury found that he did, and the actions of the driver in failing to exercise due care for the safety of a pedestrian, if the jury should find that the driver failed to exercise such care. Standing alone, the instruction is clearly erroneous. Its vice is that it states that a breach of the statute creates a presumption of negligence that can only be overcome by the violator, whether he be child or adult, by doing "what might reasonably be expected of a person of ordinary prudence who desired to comply with the law, acting under similar circumstances." In other words, the instruction directly and unequivocally imposes the same standard of care on the child as it imposes on the adult. This, of course, is not the law. ■ Children are judged by a special subjective standard and not by the objective standard set forth in the instruction. They are only required to exercise that degree of care expected of children of like age, experience and intelligence. ■ The presumption of negligence or negligence *per se* instruction here challenged, takes that protection away from the child. The *per se* negligence instruction, taken alone, when applied to children, is totally inconsistent with the body of law that has grown up to protect children. The *per se* negligence instruction is predicated on the theory that the Legislature has adopted a statutory standard of conduct that no reasonable man would violate, and that all reasonable adults would or should know such standard. But this concept does not apply to children. It is absurd to presume that a child of 7, as a matter of law, knows all of the standards of conduct set forth in the Vehicle Code. ■ For this reason the California law is well settled that, although a violation of a criminal law of this nature creates a presumption of negligence, the presumption may be rebutted by a showing that the child, in spite of the violation of the statute, exercised the care that children of his maturity, intelligence and capacity ordinarily exercise under similar circumstances. (*Mecchi* v. *Lyon Van & Storage Co.*, 38 Cal.App.2d 674, 684 [102 P.2d 422, 104 P.2d 26].) ■ The proper rule was stated in *Galbraith* v. *Thompson*, 108 Cal.App.2d 617 [239 P.2d 468], holding that even though a child's action was in violation of section 562 of the Vehicle Code, the question as to whether this should be considered negligence *per se* was for the jury to determine under the special standards created for the protec-

264

tion of children, and that the rule that a child is only held to a standard of care in accordance with its age and circumstances must prevail over the rule that violation of a statute is negligence *per se*. This the challenged instruction did not tell the jury. Standing alone, it was, for this reason, clearly erroneous.[1]

 Defendant urges that plaintiff is in no position to complain of this error, because he should have requested the court to modify the challenged instruction, or requested it to give another in its place and stead, and, having failed to do so, cannot now complain. For this proposition defendant relies on *Ornales* v. *Wigger*, 35 Cal.2d 474 [218 P.2d 531], which announces the general rule that before the appellant may complain of the *lack* of an instruction he must have made some request in the matter. Such rule has no application to situations where the court gives an erroneous instruction. An erroneous instruction can always be challenged on appeal. (*Rivera* v. *Parma*, 54 Cal.2d 313 [5 Cal.Rptr. 665, 353 P.2d 273]; *Colgrove* v. *Lompoc etc. Club, Inc.*, 51 Cal.

---

[1] There is a logical conflict, in a very real sense, between the negligence *per se* rule, and the rule requiring an infant's conduct to be measured by his age, experience, intelligence and capacity. For this reason some authorities hold that the doctrine of contributory negligence *per se* should not be considered at all in cases where the conduct of a minor is involved. These courts reason, with some logic, that since an infant's mental capacity is determinative of his prudence, to apply to him the legislative determination that certain acts are dangerous and therefore are presumptively negligent, is logically absurd and contradictory. These cases also reason that, in the absence of an express provision to the contrary, it will not be presumed that the Legislature intended to take away or to modify the child's right to be judged by the care exercised by a child of like experience and intelligence. (See Comments 36 Mich.L.Rev. 328; 95 U.Pa.L. Rev. 93.)

Nearly all of the commentators in this field point out the logical and legal inconsistency of applying the objective contributory negligence *per se* doctrine to minors, and emphasize that if such doctrine is applied the trial court must be very careful to clearly instruct, without possible ambiguity, that such doctrine is limited by the subjective standard of conduct rule applicable to minors generally. It is pointed out by these many commentators, that you cannot apply the *per se* doctrine to the contributory negligence of an infant unless that doctrine is expressly watered down to mean not presumptive negligence at all, but simply, that a statutory violation is only to be considered as one factor in determining whether the infant was guilty of contributory negligence measured by the limited standard. (See Shulman, *The Standard of Care Required of Children*, 37 Yale L.J. 618; Morris, *The Relation of Criminal Statutes to Tort Liability*, 46 Harv.L.Rev. 453; Bohlen, *Liability in Tort of Infants and Insane Persons*, 23 Mich.L.Rev. 9; Wilderman, *Contributory Negligence of Infants*, 10 Ind.L.J. 427; case comment, 26 So.Cal.L.Rev. 335; see also Prosser on Torts [2d ed.] p. 158 et seq.; Annotation, Child's Violation of Statute or Ordinance as Affecting Question of His Negligence or Contributory Negligence, 174 A.L.R. 1170.)

App.2d 18 [124 P.2d 128].) Moreover the record shows that appellant did request a modifying instruction which was refused by the trial court. This point urged by defendant is without merit.

▇ The defendant next contends that, even if it would have been error to give the challenged instruction without modification, here there was given such a modification in that the trial court gave proper instructions on contributory negligence of children, including a proper description of the standard of care required of them.

After giving several standard instructions on contributory negligence, the trial court included in its charge the following:

"A child is not held to the same standard of conduct as an adult and is only required to exercise that degree of care which ordinarily is exercised by children of like age, mental capacity and experience. There is no precise age at which, as a matter of law, a child comes to be held accountable for his actions by the same standard as applies to an adult. It is for you to determine the mental capacity and experience of David Cummings, and whether his conduct was or was not such as might reasonably have been expected from a child of like age, capacity and experience, under the same or similar circumstances.

"In respect to any duty of persons using or being on a public street or highway concerning which I have instructed or may instruct you, when you consider such duty in relation to the conduct of a child, you will have in mind the regard which the law has for the limited experience and capacity of a child, as I have just stated the matter to you."

These two paragraphs were taken from a three-paragraph instruction submitted by plaintiff. They properly and correctly define the standard of care required of children as compared with the standard required of adults. They deal with the subjects of negligence and contributory negligence generally. They have nothing to do with negligence *per se*.

As indicated, the instruction submitted by plaintiff was in three paragraphs. These three paragraphs were a verbatim reproduction of BAJI Number 147. The court properly and correctly gave the first and third paragraphs of this proffered instruction, but for some unexplained reason, struck the second paragraph in its entirety, and gave the instruction as modified. The stricken second paragraph of the proposed instruction reads as follows:

''The rule just stated applies even when a child is charged with having violated a statute or an ordinance, or the evidence shows such a violation. The question whether or not the child was negligent still must be answered by the standard applicable to children as I have stated it to you.''

This deleted second paragraph, had it been given, would have lessened, in some degree, the error in giving the instruction already discussed. The three paragraphs, when read together, attempt to tell the jury the standards that it must use in judging both ordinary negligence and negligence *per se* so far as an infant is concerned. The first paragraph states generally the distinctions between the standard of care required of a child and that required of an adult. The second deleted paragraph was designed to advise the jury that the standard applicable to children announced in the first paragraph is applicable even when the child is charged with having violated a statute. The third paragraph, in no way cured the error in failing to give the second paragraph. It, in very general language, referred to the qualifications of the standard of care required of an infant on the public highway, but made no reference at all to the legal effect on such standards caused by a breach of statute. In other words, by the third paragraph, the court simply called attention to the distinction between the two standards of care as applied to the normal use of the highway. But by deleting the second paragraph the trial court removed from the consideration of the jury any consideration of the qualified standard applicable to children when applied to an act which it told the jury later in its instructions, constituted negligence *per se*. Thus the jury was very carefully told that as to ordinary negligence in the use of the highway the child was to be judged by the limited standard. Then, later, they were told that a certain statute prohibits certain conduct on the highway, and that a violation of such statute is presumptive negligence. Then immediately afterward they were told that to rebut the presumption created by a violation of the statute the evidence must show that the violator ''did what might reasonably be expected of a person of ordinary prudence.'' There was no qualification as to minors here.

It is quite clear, therefore, that the instructions are not only ambiguous but actually conflicting. The respondent contends that no conflict appears because the instructions should be read together, and when the contributory negligence instruction is read with the presumptive negligence instruction the

conflict disappears. Of course, the rule has frequently been stated that instructions must be read together and considered as a whole. But that rule will not cure the error here. Here the jury was told that a child's contributory negligence is to be measured by a special limited subjective standard, and, in very general and ambiguous words, that such special standard applies to his general conduct on the highway. Then, later in the charge, and apparently unconnected with these instructions, the jury was told that under a specific state of facts— violation of a statute—contributory negligence is presumed unless the violator acts with ordinary prudence. Obviously, even when read together, the specific instruction controls the general. In such a case the later instruction is not only ambiguous but clearly erroneous.

There is case law to support these conclusions. In *Jones* v. *Wray*, 169 Cal.App.2d 372 [337 P.2d 226], the trial court gave BAJI Number 147. It also gave the instruction, as here, on the legal effect of a violation of section 562 of the Vehicle Code. Complete general instructions on contributory negligence, including instructions on the limited standard applicable to children, were also given. The appellate court held that the instructions were "prejudicially contradictory" (p. 376) and reversed. The case is even a stronger one for defendant than the instant one because the trial court did give the second paragraph of BAJI Number 147, here deleted. Nevertheless, the instructions were held to be conflicting, contradictory, inconsistent and prejudicial. In other words, that court held that even paragraph two of BAJI Number 147 is insufficient to tell the jury that the presumptive negligence rule is limited by the standard of care rule applicable to children. In so holding, the appellate court placed considerable reliance on its own prior decision in *Cole* v. *Ridings*, 95 Cal.App.2d 136 [212 P.2d 597], a case quite similar to the instant one. There the court gave instructions on contributory negligence and a proper instruction on the limited standard applicable to infants. But then, as here, the court instructed on section 562 of the Vehicle Code, and the legal effect of its violation, without specific reference to the rule applicable to infants. There was a defense verdict, and the appellate court reversed, holding that "it was prejudicial error to give the instructions complained of." (P. 142.) The court stated (p. 141): "These instructions emphasized the duty of appellant [the 10-year-old plaintiff] to yield the right of way and

268

failed to inform the jury clearly that such duty was not absolute and that the real question was whether appellant exercised reasonable care under the circumstances then and there existing, to wit: that degree of care required of a minor under like circumstances.''[2]

█ It was also error to refuse to instruct, as requested by plaintiff, in the language of Vehicle Code section 530, subdivision (a),[3] (now § 21751) that in overtaking and passing another vehicle a motorist may not cross the center line of a highway unless the left side is clearly visible and free from oncoming traffic. This proffered instruction embodied the basic theory of plaintiff's case. While there is no evidence that defendant's automobile actually passed the truck ahead of it, the evidence produced by plaintiff would support an inference that the driver drove into the left lane of the highway intending to overtake and pass the truck, that he then saw the car approaching in that lane, and swerved right to avoid a collision forcing the approaching car off the highway. That was one of the very things the Legislature intended to prohibit by section 530, subdivision (a). The fact that defendant's car did not actually pass the truck did not justify taking from the jury the right to determine that the car was driven into the left lane with intent to overtake and pass the truck. To refuse to give the challenged instruction took from plaintiff his basic theory of the case, a theory supported by substantial evidence. It hardly needs citation of authority to support the rule that a party is entitled to instructions covering his theory of the case when that theory is supported by substantial admissible evidence.

█ Inasmuch as these errors require a reversal, for the guidance of the trial court on the retrial, some mention should be made of one other instruction. At the request of defendant

---

[2]It is true that there is language in *Hartshorne* v. *Avery*, 130 Cal.App. 2d 517, 518-520 [279 P.2d 123], and *Stroud* v. *Hansen*, 48 Cal.App.2d 556, 560-562 [120 P.2d 102], contrary to these conclusions. Such language is disapproved.

[3]Section 530, subdivision (a), then read as follows:

''Except when a roadway has been divided into three traffic lanes, no vehicle shall be driven to the left side of the center line of a roadway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken. In every event the overtaking vehicle must return to the right-hand side of the roadway before coming within one hundred feet of any vehicle approaching from the opposite direction.''

the trial court included an instruction, phrased in approved language, on the doctrine of imminent peril. Plaintiff contends that it was error to instruct upon this doctrine in any form, urging that the doctrine cannot apply when, as herein, defendant's driver conceded that he saw a child of tender years on the shoulder of the road, with his back to the approaching car, when he was from 100 feet to a block away, and that he decelerated his speed in acknowledgment of that fact. Plaintiff urges that by this admission the driver placed himself in the position of one who is bound to anticipate any sudden and unusual movement on the part of the immature child, and thus comes within the ''constructive expectation'' rule of *Kuist* v. *Curran*, 116 Cal.App.2d 404 [253 P.2d 281] ; *Fraser* v. *Stellinger*, 52 Cal.App.2d 564 [126 P.2d 653] ; and *Harrison* v. *Gamatero*, 52 Cal.App.2d 178 [125 P.2d 904]. The contention is unsound. It was for the jury to determine whether, under all of the facts, the driver here was faced with an imminent peril or was to be charged with a duty of anticipating that the child would dart into the road at the last moment. Since a party is entitled to full instructions on every element of his theory of the case, it follows that defendant was entitled to some form of instruction on the doctrine of imminent peril. In order to avoid error under the circumstances of this case, such an instruction (or companion instruction) must contain an explanation of the duty of such a driver to anticipate such actions on the part of the child which a reasonable person would anticipate under the circumstances.

The judgment is reversed.

Gibson, C. J., Traynor, J., White, J., and Dooling, J., concurred.

McCOMB, J.—I dissent. I would affirm the judgment for the reasons expressed by Mr. Presiding Justice Fox in the opinion prepared by him for the District Court of Appeal, *Cummings* v. *County of Los Angeles*, (Cal.App.) 8 Cal.Rptr. 612.

Schauer, J., concurred.