[S. F. No. 20718. In Bank. Oct. 11, 1961.]

JANE DAUN, a Minor, etc., et al., Plaintiffs and Appellants, v. ROY TRUAX et al., Defendants and Respondents.

Whitney & Hanson and Stanley D. Whitney for Plaintiffs and Appellants.

Woodrow W. Kitchel and D. W. Brobst for Defendants and Respondents.

PETERS, J.—Jane Daun, a minor, and John Daun, her father, the plaintiffs, appeal from a judgment in favor of the defendants rendered in an action for personal injuries by the minor (hereafter referred to as plaintiff) when she was hit by an automobile driven by Roy Truax (hereafter referred to as defendant). The main contention of plaintiff is that certain instructions given by the trial court on the issue of her contributory negligence were conflicting, contradictory, inconsistent and prejudicial. This contention is supported by the recent case of *Cummings* v. *County of Los Angeles, ante,* p. 258 [14 Cal.Rptr. 668, 363 P.2d 900], in which this court reversed a defense verdict because of the giving of instruc-

tions substantially similar to those here involved. That case is here controlling.

The facts are relatively simple, and, on the whole, uncontradicted. On March 24, 1958, at about noon of a clear, dry, sunny day, the plaintiff, who was then 5 years and 8 months of age, was dismissed from her kindergarten class and proceeded towards her home. After traveling a short distance from her school, plaintiff arrived on the northeast corner of the intersection of San Antonio Avenue and Sherman Street in the city of Alameda. At about this time defendant was driving a station wagon east on San Antonio Avenue and approaching Sherman Street. A Mrs. Stone, a neighbor of the Dauns, testified that about this same time she arrived in her car which she stopped at the stop sign located on the northwestern corner of the intersection. She observed the station wagon driven by Truax about 150 feet from Sherman Street and approaching the intersection going east at about 30 to 35 miles per hour. At the same time she saw a green car going west on San Antonio and approaching the intersection at about 20 to 25 miles per hour. Mrs. Stone also observed the plaintiff standing on the corner of the intersection. She called out to the child, the plaintiff waved back, and then started to run across the street in the unmarked crosswalk. Mrs. Stone testified that when the plaintiff left the sidewalk the child ran out into the street almost in front of the westbound green car, so close in fact that the witness ducked her head momentarily fearing the child would be hit by that car. When the witness looked up the green car was passing through the intersection and had not hit the plaintiff. The witness next observed the plaintiff under the rear bumper of the defendant's car about 70 feet from the intersection, thus indicating that the child must have been dragged that far after the accident before defendant stopped. Mrs. Stone was positive that, when the child started directly across the street in the unmarked crosswalk, there were no vehicles then in the intersection.

Defendant testified that he approached the intersection at about 20 or 25 miles per hour; that at no time did he see the plaintiff either at the corner of the intersection or while crossing it, until after the accident; that while he was in the intersection he was aware of some object coming at his car rapidly from the left; that he felt a thump and heard a strange noise; that he brought his car slowly to a stop some 70 feet from

the intersection; that he then got out and discovered the plaintiff crumpled under his rear bumper.

The jury brought in a defense verdict, and plaintiff has appealed. As already pointed out her main attack is on the instructions on contributory negligence.

Before this point is discussed, however, it must first be determined whether there is any substantial evidence of defendant's negligence. This is so because, if defendant, as a matter of law, was not negligent, then no instructions on contributory negligence, no matter how erroneous, could possibly be prejudicial.

The record contains evidence of such a character as to make the issue of defendant's negligence one of fact for the jury. Immediately before the accident the plaintiff was either standing at the northeast corner of the intersection or was crossing the street in the unmarked pedestrian lane. She was in plain sight. There was nothing to obstruct the view. Defendant testified that, as he approached the intersection, he was looking straight ahead; that he saw a car stopped at the northwest corner of the intersection, and another car coming towards him traveling west on San Antonio Avenue; that he also saw some children on the north side of San Antonio about 75 feet east of Sherman Street; that those children were stopped; that he did not see any other child or children in the area; that in particular at no time prior to the accident did he see the plaintiff standing on the northeast corner of the intersection, nor did he see her crossing the street. There was also evidence by Mrs. Stone that when plaintiff started across the street there were no vehicles in the intersection. She also testified that in this residential zone defendant approached the intersection at a speed of 30 to 35 miles per hour.

The trial court, at the request of both the plaintiff and defendant, quite properly instructed that: ''General human experience justifies the inference that when one looks in the direction of an object clearly visible he sees it. When there is evidence to the effect that one did look but did not see that which was in plain sight, it follows either that some part of such evidence is untrue or that the person was negligently inattentive.''

This instruction correctly states the law. In *Gonzales* v. *Davis,* 197 Cal. 256 [240 P. 16], this court in an intersection case stated the rule as follows (pp. 261-262): ''The evidence

in the case affirmatively shows that but a moment before the instant of his collision with the plaintiff herein two other small boys, the latter's companions, had crossed Pacific Street upon this very crossing and that the plaintiff following them was *in the middle thereof* and of Pacific Street when he was struck by the defendant's automobile. It would seem to be an almost irresistible conclusion that if the defendant had been keeping that sharp lookout ahead which the law requires of him when approaching such a crossing he would have observed these boys or at least the latter of them in the act of essaying this crossing just ahead of his incoming machine, and the inference would seem to be a most reasonable one that since he did not, as he admitted, see the injured boy before the impact and no sound of horn or bell or other warning was heard by any of the witnesses to the collision, the defendant was not exercising that degree of prudence and of watchfulness which the law under such circumstances requires. It was the province of the jury to draw such an inference, and if so drawn it would have sufficed to support a finding of culpable negligence on the part of the defendant, with a resultant verdict in the plaintiff's favor. The trial court by granting the defendant's motion for nonsuit took from the plaintiff the right to have the jury pass upon this question, and we think, committed reversible error in so doing.''

 In the instant case the evidence was uncontradicted that the plaintiff, just prior to the accident, was standing at the corner of the intersection and then started across the street in the unmarked pedestrian lane; that there were no vehicles in the intersection when she started to cross; that there were no obstructions between defendant and the plaintiff; and that other objects or persons in or near the intersection were observed by defendant. Plaintiff must have been clearly visible. Defendant testified that he did not see her. The jury must have found that defendant was negligent. Its verdict must have been based on the inconsistent, contradictory, and conflicting instructions given on contributory negligence. It follows that the giving of such instructions was prejudicial.

 That the instructions on contributory negligence were erroneous under the rules announced in the *Cummings* case, *supra,* seems quite clear. The court gave the standard instructions on negligence and proximate cause. Contributory negligence was then defined as ''negligence on the part of a plaintiff, which negligence, concurring with the negligence of another person, contributes in some degree in proximately

causing the damage of which the plaintiffs thereafter complain. One who is guilty of contributory negligence may not recover from another person for the injury suffered." The basic speed law was then defined. Then the court told the jury that "Conduct which is in violation of the provisions of the California Vehicle Code which I am about to read to you, unless otherwise therein provided, constitutes negligence as a matter of law. This means that if the evidence supports a finding and you do find that any party to this action so conducted himself or herself, it requires a presumption that he or she was negligent. However, such a presumption is not conclusive; it may be overcome by other evidence showing that under all the circumstances surrounding the event the conduct in question was such as might reasonably have been expected from a person of ordinary prudence acting under similar circumstances, who desired to comply with the law."

After reading the code section relating to the duties of the driver of a car, the court read section 562 of the Vehicle Code (now § 21954) which reads as follows: "Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway."

After some general remarks about the relative duties of drivers and pedestrians the court then instructed that:

"Before attempting to cross a street that is being used for the traffic of motor vehicles, it is a pedestrian's duty to make reasonable observations to learn the traffic conditions confronting him, to look to that vicinity from which, if a vehicle were approaching, it would immediately endanger his passage, and to try to make a sensible decision whether it is reasonably safe to attempt a crossing. What observations he should make and what he or she should do for his or her own safety while crossing the street are matters which the law does not attempt to regulate in detail and for all occasions, but it does place upon the pedestrian the continuing duty to exercise ordinary care to avoid an accident."

There can be no doubt that, up to this point, the charge to the jury was erroneous as applied to the plaintiff. Under the facts of this case, these quoted instructions amounted, practically, to a directed verdict for the defendants. The jury was told that if the plaintiff was contributively negligent she could not recover. Then the court gave the negligence per se instruction, telling the jury that violation of a statute is negligence as a matter of law, and that such presumption may

be rebutted only by a showing that the "conduct in question was such as might reasonably have been expected from a person of ordinary prudence acting under similar circumstances, who desired to comply with the law." Then the jury was told that to constitute ordinary care, a pedestrian, before crossing the street, must make observations of traffic conditions, must look in the direction from which traffic is to be expected, and then must make a "sensible decision" whether to cross. The duty of care imposed on pedestrians is a "continuing duty to exercise ordinary care."

These instructions may be proper in a case involving responsible adults, but as applied to very young children, standing alone, are erroneous. The evidence of plaintiff's own witness showed that plaintiff did not act with "ordinary prudence" in crossing the street. Under the quoted instructions the jury was thus impliedly told that, regardless of the negligence of defendant, the plaintiff could not recover because she was guilty of contributory negligence as a matter of law.

In the *Cummings* case, *supra* (*ante,* at p. 263) this court had the following to say about substantially similar instructions: "Standing alone, the [*per se*] instruction is clearly erroneous. Its vice is that it states that a breach of the statute creates a presumption of negligence that can only be overcome by the violator, whether he be child or adult, by doing 'what might reasonably be expected of a person of ordinary prudence who desired to comply with the law, acting under similar circumstances.' In other words, the instruction directly and unequivocally imposes the same standard of care on the child as it imposes on the adult. This, of course, is not the law. Children are judged by a special subjective standard and not by the objective standard set forth in the instruction. They are only required to exercise that degree of care expected of children of like age, experience and intelligence. The presumption of negligence or negligence *per se* instruction here challenged, takes that protection away from the child. The *per se* negligence instruction, taken alone, when applied to children, is totally inconsistent with the body of law that has grown up to protect children. The *per se* negligence instruction is predicated on the theory that the Legislature has adopted a statutory standard of conduct that no reasonable man would violate, and that all reasonable adults would or should know such standard. But this concept does not apply to children. It is absurd to presume that a child

of 7 [here 5 years, 8 months], as a matter of law, knows all of the standards of conduct set forth in the Vehicle Code. For this reason the California law is well settled that, although a violation of a criminal law of this nature creates a presumption of negligence, the presumption may be rebutted by a showing that the child, in spite of the violation of the statute, exercised the care that children of his maturity, intelligence and capacity ordinarily exercise under similar circumstances. (*Mecchi* v. *Lyon Van & Storage Co.*, 38 Cal.App.2d 674, 684 [102 P.2d 422, 104 P.2d 26].) The proper rule was stated in *Galbraith* v. *Thompson*, 108 Cal.App.2d 617 [239 P.2d 468], holding that even though a child's action was in violation of section 562 of the Vehicle Code, the question as to whether this should be considered negligence *per se* was for the jury to determine under the special standards created for the protection of children, and that the rule that a child is only held to a standard of care in accordance with its age and circumstances must prevail over the rule that violation of a statute is negligence *per se*. This the challenged instruction did not tell the jury. Standing alone, it was, for this reason, clearly erroneous.''

The defendant, while admitting that it would have been error to give the above-quoted instructions without qualification, contends that no error was committed here because the challenged instructions were qualified by later instructions. Reliance is had on the well-settled rule that instructions must be read together, and, it is urged, that, when so read, any conflicts in the instructions disappear.

The claimed clarifying instructions are two in number. The first purports to define the limited standard of care required of children. It stated:

''A child is not held to the same standard of conduct as an adult, and is only required to exercise that degree of care which ordinarily is exercised by children of like age, mental capacity and experience. There is no precise age at which, as a matter of law, a child comes to be held accountable for her actions by the same standard as applies to an adult. It is for you to determine the mental capacity and experience of Jane Daun and whether her conduct was such as might reasonably have been expected from a child of like age, capacity and experience, under the same or similar circumstances.''

Precisely this same instruction was given in *Cummings*. In the instant case, immediately after the last-quoted instruction, the trial court also instructed:

"The rule just stated applies even when a child is charged or alleged to have violated a statute or the evidence shows such a violation. The question whether the child was negligent still must be answered by the standard applicable to children, as I have stated it to you."

This last-quoted paragraph was not given in *Cummings*. It was offered by the plaintiff in that case, but the trial court refused to give it. Instead, in *Cummings* the court gave another instruction not given here as follows (p. 265):

"In respect to any duty of persons using or being on a public street or highway concerning which I have instructed or may instruct you, when you consider such duty in relation to the conduct of a child, you will have in mind the regard which the law has for the limited experience and capacity of a child, as I have just stated the matter to you."

*Cummings* and this case differ only, so far as the point under consideration is concerned, in that in *Cummings* the court gave the last-quoted instruction while in this case it gave the instruction quoted just prior to the last one.

In *Cummings* this court had the following to say about the instructions there involved (pp. 266-267):

"It is quite clear, therefore, that the instructions are not only ambiguous but actually conflicting. The respondent contends that no conflict appears because the instructions should be read together, and when the contributory negligence instruction is read with the presumptive negligence instruction the conflict disappears. Of course, the rule has frequently been stated that instructions must be read together and considered as a whole. But that rule will not cure the error here. Here the jury was told that a child's contributory negligence is to be measured by a special limited subjective standard, and, in very general and ambiguous words, that such special standard applies to his general conduct on the highway. Then, later in the charge, and apparently unconnected with these instructions, the jury was told that under a specific state of facts—violation of a statute—contributory negligence is presumed unless the violators act with ordinary prudence. Obviously, even when read together, the specific instruction controls the general. In such a case the later instruction is not only ambiguous but clearly erroneous."

This same reasoning applies to the instructions in the instant case. The jury was told that a pedestrian, and the only pedestrian involved was the 5-year-8-month-old plaintiff, would be guilty of contributory negligence as a matter of

law unless she complied with certain standards fixed by the Legislature and determined by it to constitute reasonable conduct. Thus the jury was first told that the plaintiff was contributively negligent as a matter of law. But then the jury was told that children are to be judged by a special limited standard and that such limited standard was also applicable to violations of a statute. The two instructions are inherently contradictory.

It was because of the inherent inconsistency between these concepts that this court in a footnote in *Cummings* stated (p. 264):

"There is a logical conflict, in a very real sense, between the negligence *per se* rule, and the rule requiring an infant's conduct to be measured by his age, experience, intelligence and capacity. For this reason some authorities hold that the doctrine of contributory negligence *per se* should not be considered at all in cases where the conduct of a minor is involved. These courts reason, with some logic, that since an infant's mental capacity is determinative of his prudence, to apply to him the legislative determination that certain acts are dangerous and therefore are presumptively negligent, is logically absurd and contradictory. These cases also reason that, in the absence of an express provision to the contrary, it will not be presumed that the Legislature intended to take away or to modify the child's right to be judged by the care exercised by a child of like experience and intelligence. (See Comments 36 Mich. L. Rev. 328; 95 U. Pa. L. Rev. 93.)

"Nearly all of the commentators in this field point out the logical and legal inconsistency of applying the objective contributory negligence *per se* doctrine to minors, and emphasize that if such doctrine is applied the trial court must be very careful to clearly instruct, without possible ambiguity, that such doctrine is limited by the subjective standard of conduct rule applicable to minors generally. It is pointed out by these many commentators, that you cannot apply the *per se* doctrine to the contributory negligence of an infant unless that doctrine is expressly watered down to mean not presumptive negligence at all, but simply, that a statutory violation is only to be considered as one factor in determining whether the infant was guilty of contributory negligence measured by the limited standard. (See Shulman, *The Standard of Care Required of Children*, 37 Yale L.J. 618; Morris, *The Relation of Criminal Statutes to Tort Liability*, 46 Harv. L. Rev. 453; Bohlen, *Liability in Tort of Infants and Insane Persons*, 23

Mich. L. Rev. 9; Wilderman, *Contributory Negligence of Infants,* 10 Ind. L.J. 427; case comment, 26 So.Cal.L.Rev. 335; see also Prosser on Torts [2d ed.] p. 158 et seq.; Annotation, Child's Violation of Statute or Ordinance as Affecting Question of His Negligence or Contributory Negligence, 174 A.L.R. 1170.)''

There is case law to support the conclusion that it was prejudicial error to give the precise instructions given in the instant case. In *Jones* v. *Wray,* 169 Cal.App.2d 372 [337 P.2d 226], the trial court gave the instruction, as here, on the legal effect of a violation of section 562 of the Vehicle Code. The same instruction as given in the instant case on the limited standard applicable to children was also given. The instruction not given in *Cummings,* but given in the instant case, was given in the Jones case, as well as the instruction given in *Cummings* and not given here. The appellate court held that the instructions, as a whole, were ''prejudicially contradictory'' (169 Cal.App.2d at p. 376). The court in *Jones* v. *Wray, supra,* relied upon and quoted from *Cole* v. *Ridings,* 95 Cal.App.2d 136 [212 P.2d 597], where the court said, in reference to a somewhat similar situation in which the instructions under discussion were involved held that ''it was prejudicial error to give the instructions complained of'' (p. 142). The reason given for this conclusion was: ''These instructions emphasized the duty of appellant [the 10-year-old plaintiff] to yield the right of way and failed to inform the jury clearly that such duty was not absolute and that the real question was whether appellant exercised reasonable care under the circumstances then and there existing, to wit: that degree of care required of a minor under like circumstances'' (p. 141).[1]

Thus, the problem involved is basically that involved in *Cummings.* While a child of 5 years and 8 months may be guilty of contributory negligence (*Courtell* v. *McEachen,* 51 Cal.2d 448, 455 [334 P.2d 870]) the quantum of care to be exercised by such a young child does not include compliance with the legislatively adopted standard of care intended for adults. The statute imposes an objective legislatively fixed standard of care on adults. This standard of care is not applicable to young children who are held to a

---

[1]While the cases of *Hartshorne* v. *Avery,* 130 Cal.App.2d 517, 518-520 [279 P.2d 123], and *Stroud* v. *Hansen,* 48 Cal.App.2d 556, 560-562 [120 P.2d 102], contain language inconsistent with this quotation, such cases were expressly disapproved in *Cummings* (p. 257).

different and more limited and subjective standard of care.
██ If the negligence per se instruction is to be given at all in such cases, to avoid conflict and confusion, the trial court must include in that very instruction a clear and unambiguous statement that the standard of conduct outlined in the negligence as a matter of law instruction is not applicable to children, but that they are governed by the special standard applicable to children. ██ It is the law that the presumptive negligence doctrine is not applicable to children. It is also the law that violation of a statute by a child is only one factor of many to be considered in determining whether the child is guilty of contributory negligence measured by the limited standard applicable to them. The jury must be instructed on these matters in a clear and consistent fashion or confusion is bound to result. Such confusion and inevitable conflict occurred in the instant case.

The judgment appealed from is reversed.

Gibson, C. J., Traynor, J., White, J., and Dooling, J., concurred.

SCHAUER, J., Dissenting.—In my view the opinion prepared for the District Court of Appeal by Justice pro tempore Stone and concurred in by Justices Draper and Shoemaker (reported in (Cal.App.) 11 Cal.Rptr. 652) adequately discusses and correctly resolves the questions presented on this appeal. For the reasons therein stated I would affirm the judgment.

McComb, J., concurred.