[Civ. No. 24999.   Second Dist., Div. Two.   Oct. 24, 1961.]

ROBERT S. ANDERSON, a Minor, etc., Appellant, v. CABOT LOW, Respondent.

Edward Raiden for Appellant.

Cozy & Gyger and Hugh J. Haferkamp for Respondent.

McMURRAY, J. pro tem.*—This is an appeal by plaintiff from a judgment in favor of defendant in an action seeking damages for personal injuries sustained by the minor plaintiff when, while riding his bicycle, he was struck by defendant's automobile. ▮▮▮ The main basis of this appeal is that there was error in instructing the jury. There is sufficient conflict in the evidence in the transcript to have allowed a finding of negligence upon the part of defendant. The court instructed in the language of BAJI Number 147 as follows:

''A child is not held to the same standard of conduct as an adult and is only required to exercise that degree of care which ordinarily is exercised by children of like age, mental capacity and experience. There is no precise age at which, as a matter of law, a child comes to be held accountable for his actions by the same standard as applied to an adult. It is for you to determine the mental capacity and experience of ROBERT E. ANDERSON, and whether his conduct was or was not such as might reasonably have been expected from a child of like age, capacity and experience, under the same or similar circumstances.

'' (The rule just stated applies even when a child is charged with having violated (a statute), or the evidence shows such a violation. The question whether or not the child was negligent or contributorily negligent still must be answered by the standard applicable to children as I have stated it to you.)

'' (In respect to any duty of persons using or being on a public street or highway concerning which I have instructed or may instruct you, when you consider such duty in relation to the conduct of a child, you will have in mind the regard which the law has for the limited experience and capacity of a child, as I just have stated the matter to you.) ''

Thereafter the court instructed as to certain Vehicle Code provisions including one that a person riding a bicycle from the time one-half hour after sunset to one-half hour before sunrise must have lighted lamps on the front of such bicycle. This plaintiff's bicycle did not have. The court thereafter instructed as follows:

''If a party to this action violated a Section of the California

---

*Assigned by Chairman of Judicial Council.

Vehicle Code, just read to you, a presumption arises that he was negligent. This presumption is not conclusive. It may be overcome by other evidence showing that under all the circumstances surrounding the event, the conduct in question was excusable or justifiable.

"To prove that a violation of a Section of the California Vehicle Code such as that charged in this case was excusable or justifiable so as to overcome the presumption of negligence, the evidence must support a finding that the person who violated the Section did what might reasonably be expected of a person of ordinary prudence who desired to comply with the law, acting under similar circumstances."

Under the holding in *Cummings* v. *County of Los Angeles,* 56 Cal.2d 258 [14 Cal.Rptr. 668, 363 P.2d 900], and *Daun* v. *Truax* (1961), 56 Cal.2d 647 [16 Cal.Rptr. 351, 365 P.2d 407] it is reversible error to fail to include in the very instruction relative to the presumption of negligence arising from the violation of the statute a statement that the standard of conduct outlined is not applicable to children but that they are governed by the special standard applicable to children.

The judgment is reversed.

Fox, P. J., and Ashburn, J., concurred.